**Mary Joe HUNTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46385.

Court of Criminal Appeals of Texas.

June 20, 1973.

Phil Burleson and James A. Mills, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Trial before the court on a plea of not guilty resulted in a conviction of murder with malice; the punishment, twenty (20) years.

Almer Hunter, the deceased, was married to appellant, Mary Joe Hunter. They had three children and lived in an apartment in Dallas. Evidence of appellant's sister-in-law, Willie Pearl Hunter, showed that appellant had shot deceased about a year before the date of the alleged offense. On this previous shooting she shot him in the back of the knee. She had also stabbed him in the shoulder with scissors on a previous occasion. On May 6, 1969, this sister-in-law was with appellant when appellant told her that she and deceased were in disagreement over purchasing a home and had "been at it," evidently meaning that they had been quarrelling. On that day the two women went to the Fair Park National Bank, where appellant drew out the money she and her husband had in a joint account, and redeposited it in her own name. They then went to a Safeway store where appellant got some boxes and said she was going to put some things in

them. On this day, Willie Pearl Hunter saw a .22 caliber pistol in the purse of appellant, which she said belonged to Willie Pearl's husband, Elmer.

On May 8, 1969, the appellant called on the telephone and talked to Willie Pearl Hunter. We quote from her testimony:

"She said that she had did something real bad. I asked her what. She said 'I did something real bad.' I said, 'What is it?' and I said, 'Did you do something to Almer,' and she said, 'Yes,' and I said, 'What?' Then she said, 'I killed him.' I said, 'No.' She said 'Yes' . . . . she said, 'don't you all hate me.' "

"Q Did you ever ask her where was he?

"A Yes. She said, 'over to the house.' "

After this conversation, the deceased's brother, Elmer Hunter, the husband of Willie Pearl, realizing that his brother might not be dead, went to the apartment of appellant and deceased. No one was at home. He kicked in the door and went in and found his brother on the couch, apparently dead, with a blanket over him. The police were called, entered the house and also found Almer Hunter on the couch with a blanket over him. The blanket had no bullet holes in it. He was carried to Parkland Hospital, an autopsy was performed, and the examining physician found him to be dead, with three .22 caliber bullets in his chest and back, from which he said the death had occurred.

Nothing was disturbed in the house, but the appellant, the children and the clothing were gone. Appellant did not testify at the guilty or not guilty stage of the trial.

The automobile of appellant and deceased was soon located at the Greyhound bus station, but appellant was gone. She was next seen in Tennessee, and was returned to Dallas by a deputy sheriff.

Neither the brother, Elmer Hunter, nor the police officers had consent to enter the apartment, nor did they have a search warrant or arrest warrant when they entered

the apartment and found the body of deceased.

■ Appellant's first ground of error is that the search of the residence of appellant, resulting in the finding of the body, was an illegal search and seizure.

We hold that the emergency rule fully discussed by this Court in Corbett v. State, 493 S.W.2d 940 (May 1, 1973), warranted the entry by the brother and the police into the apartment where they found the body. They could not know for certain that Almer was dead and were justified in taking immediate action.

We overrule ground of error No. 1.

Ground of error No. 2 advanced by appellant is that the evidence is not sufficient to support the verdict.

We quote from Warren v. State, Tex. Cr.App., 430 S.W.2d 215, in which the court said, speaking through Morrison, Judge:

"It has been well established in this State, since Kugadt v. State, 38 Tex.Cr. R. 681, 44 S.W. 989, that where the deceased is shown to have lost his life as the result of some criminal agency, and that the accused committed the act, the corpus delicti has been shown. See the cases collated in Texas Digest, Criminal Law, 535(2) and Homicide 228(1)."

See also Baker v. State, Tex.Cr.App., 368 S.W.2d 627.

■ We find the evidence sufficient to show that Almer Hunter was shot and killed by a criminal act, that the evidence is sufficient to show that appellant is the person who killed him, and overrule ground of error No. 2.

■ For her ground of error No. 3, appellant contends that the testimony of Deputy Deshazo that he saw appellant in Tennessee was the result of an illegal warrant of arrest and was inadmissible.

The evidence showed that after appellant shot her husband, and admitted the crime

to her sister-in-law, she took her clothes and the car, went to the bus station, abandoned her residence and the car, and departed and could not be found in Dallas County. This showed flight, and it matters little whether she fled for 50 or 500 miles, or whether she was next seen in Tennessee or elsewhere.

Further, this being a trial before the court without a jury, we apply the rule stated in 5 Tex.Jur.2d, par. 384, page 585 where it is said:

"When trial is held before the court without a jury, the admission of improper evidence is not ordinarily prejudicial, since it is presumed that the court gave no consideration to it."

See also the many cases collated in Texas Digest, Vol. 11, Criminal Law, under ☞260(11).

We overrule ground of error No. 3.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.