Harvey VILLARREAL, Appellant,

v.

STATE of Texas, Appellee.

No. 04–83–00265–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 6, 1985.

Andrew Carruthers, San Antonio, for appellant.

Sam Millsap, Jr., Linda C. Anderson, San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for murder. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974). The jury found appellant guilty as charged; the trial court assessed punishment at confinement for life.

Appellant complains that the trial court committed reversible error by failing to submit to the jury the question of whether State witness Mettie Ann Dickey was an accomplice witness as a matter of fact and as a matter of law. His challenge to the sufficiency of the evidence is predicated on his assertion that Mettie Ann was an accomplice witness and that there was no corroborating evidence.

 Under Texas law, a conviction cannot be sustained upon the uncorroborated testimony of an accomplice. TEX. CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979); *see Walker v. State*, 615 S.W.2d 728, 731 (Tex.Crim.App.1981). An accomplice witness is someone who has participated with another before, during, and after the commission of a crime. *Villarreal v. State*, 576 S.W.2d 51, 56 (Tex.Crim.App. 1978), *cert. denied*, 444 U.S. 885, 100 S.Ct. 176, 62 L.Ed.2d 114 (1979). However, a person is not an "accomplice witness" if he cannot be prosecuted for the same offense with which defendant on trial is charged, nor is he an accomplice witness because he knew of the crime but failed to report it or even concealed it. *Carrillo v. State*, 591 S.W.2d 876, 882 (Tex.Crim.App.1979).

■ TEX.PENAL CODE ANN. § 8.07 (Vernon Supp.1985) provides that a person may not be prosecuted or convicted for any act committed when younger than fifteen years of age, except perjury and motor vehicle offenses. Assuming, arguendo, that Mettie Ann was directly involved in the murder of her grandmother, she cannot be prosecuted for the reason that she was eleven years of age at the time of the commission of the offense. In *Komurke v. State*, 562 S.W.2d 230, 234 (Tex.Crim.App. 1978), *overruled on other grounds, Cooper v. State*, 631 S.W.2d 508 (Tex.Crim. App.1982), the Court of Criminal Appeals held that a person too young to be criminally responsible was not an accomplice witness as a matter of law or fact; thus, no corroboration of the testimony was required. This ruling remains undisturbed. Accordingly, Mettie Ann is not an accomplice witness and her testimony requires no corroboration.

The witness Lopez testified, without objection, that appellant told him that he kicked and stabbed the victim. Mettie Ann testified she saw appellant strike the victim with his fists and take a knife from his pocket and stab her. She stated that both men had the victim on the floor and were beating on her. The knife found in appellant's possession was connected to the offense. The medical examiner gave the cause of death as multiple injuries which included strangulation and a stab wound to the chest.

■ Appellant testified denying he participated in the assault and murder of the victim. His explanation of his possession of the knife was that he took it away from Barajas to stop the assault on the victim. It is the province of the jury to judge the credibility of the witnesses and the weight to be given their testimony and it may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit. *Banks v. State*, 510 S.W.2d 592, 595 (Tex.Crim.App.1974). Having reviewed the evidence in the light most favorable to the prosecution, we conclude that the trier of fact rationally found

the essential elements of the offense beyond a reasonable doubt. *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App.1982). Grounds of error one, two, and three are overruled.

In his next assignment of error, appellant complains that the trial court erred in not granting his motion to suppress the evidence seized from the victim's house. The officers, responding to an anonymous report of a homicide, arrived at the victim's house without a search warrant. Upon arrival, they observed blood stains on the porch and the front door standing open. They entered the house and discovered the body. A mobile crime laboratory unit arrived at the scene of the murder and the officer made a search of the premises, taking blood samples, fingerprints, and other items. Part of the blade of a knife was removed from the body of the deceased. Appellant was not on the premises during the investigation.

■ Appellant relies on *Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978), where the Supreme Court refused to consider a murder scene exception to the warrant requirement for a search of a house. In *Mincey* the search of the premises lasted four days, every item in the apartment was closely examined and inventoried, over two hundred objects were seized, and it was the defendant's house that was searched. In the instant case, however, the investigation lasted seven hours, only a limited number of items were taken, and the house was the victim's place of residence. The relevant evidence seized that may have contributed to the guilty verdict against appellant were blood samples and fingerprints. Justice Rehnquist, in his concurring opinion in *Mincey, supra,* suggested that "some evidence—for example, blood on the floor—required immediate examination." Therefore, the risk that evidence will be lost is an emergency that would justify a warrantless search of a house. *Dombrowski v. Cady*, 471 F.2d 280 (7th Cir.1972), *rev'd on*

*other grounds,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *Hunter v. State,* 496 S.W.2d 44, 45 (Tex.Crim.App.1973). W. LaFave, *Search and Seizure* § 6.5, at 461 (1978), details the effects and concerns of *Mincey, supra,* and in relevant part recites, viz:

> The cases have also implied that it is of some significance that the deceased also occupied the premises in question. Although no court has put it in these terms, it is almost as if there was an implied consent-in-advance by the deceased to enter the premises to investigate in the event of his death, corresponding to the consent which could be expected if the victim were only injured, so that even if the co-occupant is the prime suspect he may not by virtue of the death suddenly claim exclusive possession. As one court put it: 'The need for all citizens and particularly potential victims such as this to effective protection from crime, particularly while in their own home, would indicate that a warrantless search of the premises is not made unreasonable or unconstitutional by the fact that the defendant exercise joint control of the premises.' [Citations omitted.]

It appears that the initial entry was lawful and based on probable cause. The officers had the information given by the anonymous caller and upon arrival saw blood stains on the porch and the open door. Once the body was discovered the officers were confronted with the emergency of preserving such evidence as blood samples and fingerprints. *See Hooper v. State,* 516 S.W.2d 941, 943 (Tex.Crim.App.1974). If the items seized constitute evidence of a nonpossessory crime, the burden is on the defendant to establish his standing, i.e., that he had a legitimate expectation of privacy in the thing seized or the place searched. *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). In this case the location searched was the resi-

dence of the murder victim. Appellant had been allowed to stay at the house for two weeks without paying rent. He was sleeping in the living room. The record suggests that decedent was victimized by Barajas and appellant. The deceased was led to believe that Barajas was a preacher. Barajas performed a purported wedding ceremony between himself and the victim, who was thirty-eight years his senior. The evidence discloses that appellant and Barajas were demanding money from the victim at the time of the homicide. Appellant was unable to show a reasonable expectation of privacy, for he certainly does not have a possessory interest in the items seized such as the ceramic owl, a bedsheet, a dress, and the alleged marriage certificate. *See Goehring v. State,* 627 S.W.2d 159, 165 (Tex.Crim.App.1982), where the court in reviewing the question on standing noted that appellant had not shown he had authority to exclude others from the premises.

■ The most incriminating evidence against appellant was the murder weapon, a knife, found in his possession. A part of the knife was removed from the victim's body. Appellant disclaimed ownership and testified that the knife belonged to Barajas. Therefore, we conclude that appellant has not shown a reasonable expectation of privacy to the premises searched or the relevant evidence seized. Ground of error four is overruled.

■ Lastly, appellant contends that the trial court erroneously failed to apply the law to the facts on the question involving the search and seizure of evidence. He dictated to the record a general objection and special requested charge pursuant to TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979), which provides in pertinent part, viz:

> No evidence obtained by any officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America,

shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this article, then and in such event, the jury shall disregard any such evidence so obtained.

Texas courts have uniformly held that the question of whether probable cause exists for a warrantless search is solely a question of law for determination by the court. *Marrs v. State,* 647 S.W.2d 286, 289 (Tex. Crim.App.1983); *Boles v. State,* 137 Tex. Crim.R. 521, 132 S.W.2d 881, 882–83 (Tex. Crim.App.1939); *Lee v. State,* 126 Tex. Cr.R. 18, 70 S.W.2d 185, 187 (Tex.Crim. App.1934); *Ballestero v. State,* 640 S.W.2d 423, 427 (Tex.App.—San Antonio 1982). However, when the facts alleged to constitute probable cause are controverted, the defendant has the statutory right to have the jury charged on this issue. *Jordan v. State,* 562 S.W.2d 472, 473 (Tex.Crim.App. 1978).

The facts concerning the entry into the house and subsequent search are undisputed. The officers responding to an anonymous report of a homicide arrived at the victim's house and before entry observed blood on the porch and an open front door. There only remains the legal question of whether the officer had probable cause to search and seize the evidence. Where the facts and circumstances show that probable cause exists as a matter of law, a jury charge under article 38.23, *supra,* is not required. *See Davis v. State,* 474 S.W.2d 466, 469 (Tex.Crim.App.1971). Appellant denied that he attacked the victim and in effect denied ownership of the items seized, such as the knife, the ceramic owl with blood stains, and the ligature. Thus, we are of the opinion that no fact question existed as to the legality of the search and seizure of evidence. The fifth ground of error is overruled.

The judgment is affirmed.