**Jeffrey F. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–86–00532–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1987.

Elton V. Amburn, Jr., Kerrville, for appellant.

Gary E. Kersey, Robert A. Denson, Matthew W. Paul, Kerrville, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment of conviction in a driving while intoxicated case. We reverse.

In his sole point of error, appellant complains:

THE TRIAL COURT ERRED BY NOT INCLUDING IN ITS CHARGE THE LAW CONCERNING WHEN A LAW ENFORCEMENT OFFICER MAY STOP AND DETAIN A PERSON FOR TEMPORARY INVESTIGATIVE PURPOSES.

After both sides rested, appellant requested a charge in writing on the law of reasonable suspicion necessary to legally stop and temporarily detain a person. The requested charge read:

You are instructed that a law enforcement officer is permitted to make a temporary investigative detention of a citizen if the officer has a reasonable suspicion that some activity out of the ordinary has occurred and that the activity is related to crime. There is conflicting

evidence in this case concerning whether or not the Defendant committed a traffic offense in the presence of the officer which would give the officer the right to stop and detain the Defendant. If you believe that the Defendant did not commit a traffic offense in the presence of the officer, then you shall disregard any evidence obtained as a result of the stop and detention including but not limited to the testimony of all witnesses who have testified for the State in this case.

The trial court denied the requested charge, stating that the issue was not raised.

When an issue of fact concerning the validity of a vehicle stop is raised by the evidence, the defendant has a statutory right to have the jury charged concerning the issue. TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979); *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986). Of course, a defendant has no right to such a charge if there is no factual controversy concerning the stop. *Murphy v. State*, 640 S.W.2d 297 (Tex.Crim.App.1982).

The record shows that a fact issue was raised concerning the stop of appellant's vehicle. Police officer Harry Fleming testified that he saw appellant's truck weave within its own lane, cross the dividing line, straddle the line, and return to its own lane. Officer Tommy Hill stated that appellant's vehicle was swerving, straddled the line dividing the inside and outside lanes, and returned to the outside lane. Based upon the officers' observations, they stopped appellant.

Appellant testified that he did not recall weaving. David Hattfield, a passenger in appellant's truck, said that appellant was not weaving or crossing lanes.

The state contends that although Hattfield's testimony seems to have created a factual dispute, the issue at trial was not *whether* appellant's truck was weaving, but *why* it was weaving. According to the state, appellant abandoned any direct challenge to the testimony of the state's witnesses concerning the weaving of the truck and made a tactical decision to instead explain away the weaving. The state claims

appellant's introduction of evidence to explain the weaving is not consistent with seriously contending that the weaving did not in fact occur. Consequently, the state urges there was no genuine factual issue concerning the legality of the stop. The state is incorrect.

Hattfield, who drove appellant's truck following appellant's arrest, stated the vehicle had a lot of play in the steering wheel, the wheels seemed to be out of alignment, and the large mud tires bounced quite a bit. Appellant testified that the truck gave a rough ride and it had front-end and steering wheel problems.

The state has not provided us with any authority for its conclusion. The state appears to argue that appellant should be limited to one defensive theory: the weaving was caused by mechanical problems. However, we do not have a situation where a defendant said, "I did not do it," and then states, "I did it, but because of extenuating circumstances." In that situation, there may be an abandonment of one defensive theory in favor of another. In our case, we refuse to hold that appellant abandoned his theory that he was not weaving. Neither appellant nor Hattfield testified that appellant was weaving.

The state next asserts that appellant waived any right to a jury instruction on the legality of the stop by not raising the issue at the pretrial hearing or objecting to the evidence at trial. We disagree.

Failure to file a pretrial motion does not waive a complaint of improperly obtained evidence. Here, there was no motion to suppress presented to the trial court. *See* TEX.CODE CRIM.PROC.ANN. art. 28.01 (Vernon Supp.1987). A defendant may challenge the legality of a stop by several methods. A defendant's counsel may either file a pretrial motion to suppress evidence or counsel may wait until the trial on the merits and object when the alleged unlawfully obtained evidence is offered, *Roberts v. State*, 545 S.W.2d 157, 158 (Tex.Crim.App.1977) or, a defendant may raise a factual dispute concerning the circumstances of the stop and request a

jury charge on the matter. Article 38.23, *supra.*

Additionally, appellant's failure to object to the introduction of the evidence, which was the fruit of Fleming's stop of appellant's vehicle, did not waive appellant's right to a jury instruction. The state alleges that a defendant may not assent to the introduction of evidence by failing to object, and thereafter challenge the evidence by way of an Article 38.23 charge. The state relies on *Murphy v. State,* 640 S.W.2d 297 (Tex.Crim.App.1982) and *Moulton v. State,* 486 S.W.2d 334 (Tex.Crim. App.1971).

In *Murphy v. State,* appellant was denied an Article 38.23 jury charge. A police officer testified as to the search and its fruits. His testimony was uncontroverted. When the state attempted to show the basis of the legality of the search through the officer, the defendant successfully blocked the state's efforts through hearsay objections. The Court of Criminal Appeals held there was no issue raised concerning the legality of the search. Further, even if the State failed to demonstrate to the jury the legality of the search, appellant was estopped from complaining since he elected to prevent any disputed fact issue from coming before the jury. *Murphy v. State,* at 299–300.

The court went on to say:

We are reinforced in our decision that the court did not err in overruling appellant's objection to the charge by the fact that the appellant testified on direct examination that the fruits of the search were his and that he lived in his aunt's house. When an accused testifies on direct examination he possessed the fruits of the search, he normally waives any contention concerning the legality of the search.

In *Womble v. State,* 618 S.W.2d 59, 62 (Tex.Crim.App.1981), this court wrote, 'When a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source without objection, the defendant

is not in a position to complain on appeal.'

*Murphy v. State* at 300 (citations omitted).

In *Moulton v. State,* the Court of Criminal Appeals held it was unnecessary to determine on appeal the lawfulness of the complained of search, stating, "This court has held many times that the legality of the search need not be considered when the defendant testified to or otherwise produces evidence of the same facts, or if such facts are in the record without objection." *Moulton v. State,* 486 S.W.2d at 337. The court noted that appellant's testimony concerning the fruits of the search was essentially the same as that of the police officer involved. *Moulton v. State* at 336.

■ The state relies on the language from *Murphy* and *Moulton* in further asserting that appellant failed to object to the introduction of the evidence. Unlike *Murphy* and *Moulton,* the appellant in our case did not introduce the same evidence of which he complains. Appellant did not testify that he had trouble with the field sobriety tests, slurred speech, or even that he was intoxicated. Further, appellant was not in a position to object when the evidence was introduced. He was not alleging that a weaving vehicle does not give an officer reasonable suspicion to stop. Rather, appellant chose to dispute the officers' testimony and put into issue the question of whether he was in fact weaving. Appellant, therefore, had no grounds for objecting at the time the evidence of his alleged intoxication was introduced. We will not require a defendant to do a "useless thing." The question of whether the stop was legal did not arise until defense evidence was introduced.

Moreover, the rule from *Murphy* and *Moulton* relied on by the state is appropriate when there is a question of law. Texas courts have uniformly held that the question of whether probable cause exists for a warrantless search is solely a question of law for determination by the court. *Villarreal v. State,* 685 S.W.2d 449, 453 (Tex. App.—San Antonio 1985) (and cases cited therein), *aff'd on other grounds,* 708 S.W. 2d 845 (Tex.Crim.App.1986). However,

when the facts alleged to constitute probable cause are controverted, the defendant has the statutory right to have the jury charged on this issue. *Villarreal v. State,* 685 S.W.2d at 453 (citing *Jordan v. State,* 562 S.W.2d 472, 473 (Tex.Crim.App.1978)). Of course, the statutory right to an Article 38.23 jury charge also applies to issues of fact raised concerning an officer's reasonable suspicion. *Stone v. State* at 655.

We hold that the evidence raised an issue which was a question of fact for the jury: Was appellant weaving? Since an issue of fact was raised concerning an officer's reasonable suspicion based upon articulable facts necessary to support a brief investigative detention, that issue should have been put to the jury. *Stone v. State* at 655.

█ We hold that the failure to give an Article 38.23 charge in the instant cause, as requested, was calculated to injure the rights of appellant and therefore is not harmless error. *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984) (on State's motion for rehearing). We are not holding that the particular charge requested was correct; however, it was sufficient to call the trial court's attention to the omission in the court's charge. TEX.CODE CRIM. PROC.ANN. art. 36.15 (Vernon Supp.1987); *Stone v. State* at 655.

Accordingly, the judgment of conviction is reversed and this cause is remanded.

DIAL, Justice, concurring.

TEX.CODE CRIM.PROC.ANN. art. 38.-23 (Vernon 1979) as it is presently written requires an instruction that permits or requires the jurors to speculate on what constitutes a "violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." For jurors to fairly apply this article, they should be instructed as to the elements of the law allegedly violated by the "officer or other person." This could conceivably amount to a short course on Constitutional Law. That probably explains why the Legislature wrote the statute as it did, but it does not justify the unfairness of its applicability.

I would invite the Legislature to provide that determining whether evidence was legally obtained be left to the trial judge exclusively.