Gary Dean WILLIAMS, Appellant,

v.

The STATE of Texas, State.

No. 2–86–161–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 24, 1988.

Ronald G. Couch, Euless, for appellant.

Tim Curry, Criminal Dist. Atty., and C. Chris Marshall and David L. Richards, Assts., Fort Worth, for State.

Before BURDOCK, HILL and LATTIMORE, JJ.

## OPINION

HILL, Justice.

Gary Dean Williams appeals his conviction by a jury for the offense of felony theft, enhanced by two prior felony convictions. After Williams elected to have his punishment assessed by the trial court, the judge found the enhancement allegations to be true and assessed Williams' punishment at thirty-five years in the Texas Department of Corrections. TEX.CODE CRIM.PROC.ANN. art. 31.03 (Vernon Pamph.Supp.1988).

Williams contends in eight points of error that the trial court erred: in denying various defensive motions relating to the fact that the trial judge was a visiting judge; in admitting statements made by Williams while Williams was intoxicated; in not granting his motion for directed verdict of acquittal due to a lack of sufficient evidence showing that the theft occurred in Tarrant County; in not granting him a new trial based on sufficiency of the evidence since the witness connecting him to the offense is not credible; and in not granting his instructed verdict of acquittal on the basis that the evidence established that the value of the stolen property was in excess of $20,000, although the indictment alleged that the value of the property was of the value of $750 or more, but less than $20,-000.

We affirm, since we find that the trial judge did not err in overruling Williams' motions relating to his sitting as a visiting trial judge, since his sitting as a visiting judge was lawful, and procedural error, if any, in connection with the judge's appointment was harmless to Williams; that the trial court did not abuse its discretion in its findings that Williams was not intoxicated

at the time he made inculpatory statements and that the statements were not the result of custodial interrogations; that the trial court did not err in overruling Williams' motion for instructed verdict of acquittal, because the evidence was sufficient to show that the offense occurred in Tarrant County, sufficient to show that the property stolen is within the jurisdictional amounts alleged in the indictment, and sufficient to show that Williams committed the offense, even if the alleged incredible State's evidence is not considered, and for the further reason that it is within the jury's province to determine the credibility of the witnesses.

In points of error numbers one, two, three, and four, Williams urges that the trial court erred in denying his "Motion to Object to Trial by Visiting Judge;" in not granting his "Motion to Object to Visiting Judge;" in not granting his motion for disqualification of the trial judge; and that the trial court erred by not requesting the presiding judge of the administrative judicial district to assign a judge to hear these motions, rather than hearing them himself.

Judge John James is a former district attorney, formerly a judge of the 18th District Court of Texas, and a former justice of the 10th Court of Appeals located in Waco. He has served as a retired judge for the 10th Court of Appeals. He has handled criminal cases in all of these capacities. He was appointed to try this case by then Chief Justice John L. Hill of the Supreme Court of Texas.

■ Williams first contends that his counsel's lack of familiarity with Judge James would prevent him from knowing whether to elect to have the judge or jury assess his punishment, and that this deprived him of his right to a trial by jury. We do not understand his argument that he was deprived of his right to a trial by jury, because a jury heard the trial on the merits and, even though he had elected, before Judge James' appointment, to have the court assess his punishment, he was given the opportunity to change his election and have the jury assess punishment, had he chosen to do so. With respect to his other

argument that his attorney must be familiar with the trial judge before he may legally preside over a case, such a ruling would result in the disqualification of the duly elected trial judge every time a defendant's lawyer was from out of town. Williams has not furnished us with any authority denying the trial judge's right to sit because the defendant's counsel is not familiar with him, and we are not aware of any.

■ Williams also complains that the presiding judge did not give his attorney notice of the assignment as required by article 200a–1, section 4.013, which provides that the presiding judge is to give such a notice if it is reasonable and practical to do so, and if time permits. TEX. REV.CIV.STAT.ANN. art. 200a–1, sec. 4.013 (Vernon 1986), *repealed by* Act of May 21, 1987, ch. 148, sec. 2.93(b)(4), 1987 Tex.Gen.Laws 1064, 1167, and Act of June 18, 1987, ch. 674, sec. 2.14, 1987 Tex.Gen. Laws 5017, 5036, now TEX.GOV'T CODE ANN. sec. 74.053 (Vernon Pamph.1988). The record reflects that the appointment was made on May 30, 1986, a Friday, and that Williams' counsel learned of the appointment on Tuesday, June 3, 1986, the day before the court officially received a letter from the chief justice regarding the appointment. No evidence was presented on the subject of whether it was reasonable or practical, or whether time permitted for counsel to receive an earlier notice. The notice was received in time for Williams to change his election for the judge to assess punishment, had he chosen to do so. We find that the record does not establish the failure to give proper notice and that, in any event, any error of proper notice was harmless beyond a reasonable doubt.

■ Williams maintains that Judge James was not qualified to preside over his case because of the fact that he has not been designated as a criminal law specialist by the State Bar of Texas and had not presided over a felony jury case since 1971. These facts are undisputed. Williams does not call our attention to the fact that the undisputed testimony indicates that Judge James meets all the qualifications set forth

by article 200a–1, section 4.015 for inclusion on the criminal specialty list which makes one eligible for such an appointment. TEX.REV.CIV.STAT.ANN. art. 200a–1, sec. 4.015 (Vernon 1986), *repealed by* Act of May 21, 1987, ch. 148, sec. 293(b)(4), 1987 Tex.Gen.Laws 1064, 1168–69, and Act of June 18, 1987, ch. 674, sec. 2.14, 1987 Tex.Gen.Laws 5017, 5036, now TEX.GOV'T CODE ANN. sec. 74.055 (Vernon Pamph.1988). The deficiencies set forth by Williams are not included in the statute as part of the requirements in order to be on the list.

■ Williams also contends that Judge James was unqualified for the assignment on the basis of the fact that he was retired from the Court of Appeals, a court which does not have original jurisdiction over felony trials. He relies on article 200a–1, section 4.012, which provides that a judge may not be assigned to act in a case over which his own court does not have jurisdiction under the constitution and laws of this State. TEX.REV.CIV.STAT.ANN. art. 200a–1, sec. 4.012 (Vernon 1986), *repealed by* Act of May 21, 1987, ch. 148, sec. 293(b)(4), 1987 Tex.Gen.Laws 1064, 1167, and Act of June 18, 1987, ch. 674, sec. 1.15, 1987 Tex.Gen.Laws 5017, 5025, now TEX. GOV'T CODE ANN. sec. 74.052 (Vernon Pamph.1988). We note that in addition to being retired from the Court of Appeals, Judge James is also retired from the 18th District Court, a court which does have jurisdiction over felony trials. In construing article 200a–1 as a whole, we would hold that any judge meeting the qualifications to be placed on the presiding judge's list for specialty in criminal law is qualified to hear felony cases, for the reason that one must be a former district court judge in order to be eligible to be on the list.

■ Finally, Williams contends that Judge James erred by ruling on these motions himself, in violation of Rule 18a of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 18a. Rule 18a applies in civil cases and can furnish guidance for a criminal rule. *McClenan v. State*, 661 S.W.2d 108, 110 n. 2 (Tex.Crim.App.1983). Sections 74.052 and 74.056 of the Government Code does require that an assigned judge request the presiding judge to assign another judge of the administrative district to hear a motion relating to his recusal. TEX.GOV'T CODE ANN. secs. 74.052 and 74.056 (Vernon Pamph.1988) (formerly TEX.REV.CIV.STAT.ANN. art. 200a, secs. 5 & 6 *repealed by* Act of June 12, 1985, ch. 480, sec. 26(1), 1985 Tex.Gen.Laws 1720, 2048, and Act of June 14, 1985, ch. 732, sec. 5(1), 1985 Tex.Gen.Laws 2533, 2543). Judge James erred by failing to follow that provision. *See McClenan*, 661 S.W.2d at 110–11. However, since we can determine from the record that his rulings on the motions were correct, we may overrule the point of error complaining of such failure. *Id.* at 111. Since we have found that Judge James did not err in his rulings on the motions, we overrule points of error numbers one, two, three, and four.

■ Williams contends in point of error number five that the trial court erred in admitting non-custodial oral statements made by him, for the reason that the statements were the result of intoxication. After Williams filed a motion to suppress statements he made to police officers, the trial court held a hearing in compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and article 38.22. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). After abatement, the trial court has filed its findings of fact and conclusions of law. In an instrument entitled "Objection to Supplemental Transcript," Williams objects to the supplemental transcript containing the trial court's findings. He asserts that the trial court's findings are incomplete, but he is not specific as to any findings which may have been omitted. The findings resolve the disputed issues as to Williams' state of intoxication at the time he made certain statements and as to whether the statements were voluntarily made. We overrule Williams' objection to the supplemental transcript.

The trial court found that Williams was not intoxicated at the time he made certain inculpatory statements; that Williams had been properly warned of his rights before

making the statements, and that he understood those rights; and that the statements were voluntary, not the result of custodial interrogation, being the product of Williams' willingness to speak to the arresting officer.

■ The issue presented is whether the trial court abused its discretion in one of its findings of fact or conclusions of law. *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex. Crim.App. [Panel Op.] 1979). At the *Jackson v. Denno* hearing, the judge is the sole judge of the weight and credibility of the witnesses. *Hawkins v. State*, 660 S.W.2d 65, 72 (Tex.Crim.App.1983). He may believe or disbelieve all or any part of any witness' testimony. *Id.*

Officer Joel Vasquez, one of the arresting officers to whom Williams made the statements, testified that he could smell alcohol on Williams' breath, but that in his opinion Williams was not intoxicated at the time he saw him in the early morning of December 6, 1985. He also testified that Williams' inculpatory statements were not in response to any questioning.

Officer W.H. Richardson, another of the arresting officers, also testified that in his opinion Williams was not intoxicated.

Williams' brother testified that Williams had been drinking earlier in the afternoon and evening before his arrest and that at 1:00 o'clock a.m., approximately two hours before his arrest, Williams was falling down drunk.

A police arrest report had the box "Drunk" checked with respect to Williams' condition when arrested.

■ The trial court resolved the conflict in testimony in favor of the State, which it had the right to do. We find that the trial court did not abuse its discretion in its findings of fact or conclusions of law. We overrule point of error number five.

Williams asserts in points of error numbers six, seven, and eight that the evidence is insufficient to support the conviction because it does not connect him to the theft of the victim's vehicle in Tarrant County; on the ground that a police officer's testimony was incredible; and on the basis that

the value of the vehicle was not shown to be within the amounts alleged in the indictment.

We must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983) (opinion on reh'g).

At approximately 1:30 a.m. on the morning of December 6, 1985, Jamal Shahabldeen drove to a convenience store located in Fort Worth, Tarrant County, Texas, in his 1984 Nissan 200 S-X. Because the weather was cold, Shahabldeen left his car engine running and interior heater on when he entered the store. Looking through the window of the store he saw the car being driven at a high rate of speed out of the parking lot. Shahabldeen testified he considered the "fair price" for the car in the condition it was in at the time it was stolen to have been $15,000.00. On cross-examination, he testified that the car could have been worth more than $20,000.00, that it was worth more than that to him, and that he had put over $22,000.00 into the car.

Joel Vasquez, a Grand Prairie Police Officer on patrol duty in a marked police vehicle on the morning of December 6, 1985, testified he noticed a Nissan automobile at approximately 2:15 a.m. traveling eastbound on Jefferson Street in Grand Prairie at a high rate of speed. Vasquez followed the car and made a traffic stop of the vehicle after traveling approximately four or five blocks. After exiting his patrol vehicle, Vasquez approached the Nissan while carrying his flashlight. As he approached the driver's door, he observed a blonde-haired white male sitting in the driver's seat. The driver then drove off, after which Vasquez got back into his patrol car and gave chase. Vasquez chased the vehicle in moderate traffic for several miles at speeds reaching one hundred-fifteen miles per hour. Vasquez's patrol car was approximately two blocks behind the Nissan when the Nissan failed to negotiate a turn on 7th Street and smashed into a retaining wall. When Vasquez arrived on the scene of the wreck the Nissan was empty. Vasquez and another arriving offi-

cer thereafter immediately began to search the area. After a short search, the officers found Williams, the appellant, trying to hide underneath the timbers of a nearby house which had undergone partial excavation for foundation work. After Williams was arrested, he was read his *Miranda* rights. Thereafter, he stated, "I thought I beat you all." Later, he stated, "It's the stupid mother [f_.'s] sand nigger's fault for leaving the keys in the car and leaving it running."

The testimony at trial established the Nissan stolen from Shahabldeen was the same automobile Vasquez chased.

W.H. Richardson, a police officer employed with the Dallas Police Department, testified that approximately two blocks before the Nissan wrecked out he observed the Nissan being driven by a "blonde-headed male wearing a white shirt and something shiny around his neck, with a big smile on his face." Richardson identified Williams as the driver of the Nissan, although Williams raced by him at approximately 92 miles per hour.

We find that the evidence was sufficient to show that the offense occurred in Tarrant County; that the value of the stolen property was approximately $15,000.00; and that Williams committed the offense. The jury, as the trier of fact, was able to judge the credibility of the witnesses and the weight to be given their testimony, including Officer Richardson's testimony. *See Coe v. State*, 683 S.W.2d 431, 438 (Tex. Crim.App.1984). Even had the jury totally discounted *all* of Officer Richardson's testimony, as would have been their right, the evidence would still be sufficient to sustain Williams' conviction. We overrule points of error numbers six, seven, and eight.

The judgment is affirmed.