Larry Dale **HAMILTON**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–88–041–CR.

Court of Appeals of Texas, Fort Worth.

June 21, 1989.

Discretionary Review Denied Sept. 27, 1989.

**572**

Alley & Alley and T. Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Helen T. Dhooghe, Asst. Dist. Atty., Fort Worth, for State.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

FARRIS, Justice.

Larry Dale Hamilton was convicted by a jury of possession of less than 28 grams of amphetamine. TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 4.041(b) (Vernon Supp. 1989). The trial court sentenced him to twenty-five years in the Texas Department of Corrections after finding three enhancement paragraphs to be true. TEX.PENAL CODE ANN. sec. 12.42(d) (Vernon 1974).

On appeal, Hamilton argues that his warrantless arrest was unlawful. He contends his arrest for traffic violations violated his rights under article I, section 9 of the Texas Constitution because it was a mere pretext used to investigate another offense and that all evidence obtained as a result of that arrest should not have been admitted at trial.

In two points of error, Hamilton argues that the trial court erred in denying his motion to suppress and in failing to charge the jury on the issue of pretext arrest. We reverse and remand this cause to the trial court because we find Hamilton was entitled to a jury question on pretext.

■ When an arrest is used as a pretext to search for evidence, it is an illegal arrest and evidence discovered as a result of it may not be used at trial. *Black v. State,* 739 S.W.2d 240, 243–44 (Tex.Crim.App. 1987); TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979).

In its brief, the State argues that the rule set out in *Black* is faulty and should not be applied. Although Hamilton alleges his arrest and search violate his rights under the Texas law and the Texas Constitution, the State urges this court to follow the lead of the Fifth Circuit, which allows such arrests. *U.S. v. Causey,* 834 F.2d 1179, 1184–85 (5th Cir.1987). In *Causey,* the Fifth Circuit refused to declare an arrest illegal on account of an officer's subjective, pretextual motive and held that when police officers are objectively doing what they are legally authorized to do, the results of their actions are not to be challenged on account of their subjective intent. *Id., citing Maryland v. Macon,* 472 U.S. 463, 470–71, 105 S.Ct. 2778, 2783, 86 L.Ed.2d 370, 377–78 (1985); *U.S. v. Villa-monte–Marquez,* 462 U.S. 579, 584 n. 3, 103 S.Ct. 2573, 2577 n. 3, 77 L.Ed.2d 22, 27–28 (1983); *Scott v. United States,* 436 U.S. 128, 138, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168, 178 (1978).

The State urges this court to follow the lead of the Fifth Circuit because the Court of Criminal Appeals has held that the Texas Constitution does not impose any greater restrictions on police conduct than those imposed by the fourth amendment to the United States Constitution. *Eisenhauer v. State,* 754 S.W.2d 159, 162–64 (Tex.Crim. App.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988); *Osban v. State,* 726 S.W.2d 107, 111 (Tex.Crim.App. 1986). Noting that article I, section 9 of the Texas Constitution and the fourth amendment to the United States Constitution are, in all material aspects, the same, the *Eisenhauer* court stated that the laws and constitution of the State of Texas impose no greater restrictive standard than that which exists under the federal constitution, "leaving the Texas courts free to follow the lead of the Supreme Court of the United States." *Id.* at 164. However, as

Judge Clinton points out in his dissent, "[u]nless we happen to agree that the standard adopted by the Supreme Court is the most efficacious, also in guaranteeing rights vouchsafed by our state constitution, the Supreme Court does not demand and we need not parrot its opinions." *Id.* at 171. The most recent United States Supreme Court case on pretextual arrest is that of *U.S. v. Lefkowitz,* 285 U.S. 452, 467, 52 S.Ct. 420, 424, 76 L.Ed. 877, 884 (1932). The *Lefkowitz* decision was relied upon by the Court of Criminal Appeals in the *Black* decision. *Black,* 739 S.W.2d at 243–44.

The discussions of the relevance of an officer's subjective intent to the determination of fourth amendment violations in the *Scott* (1978), *Villamonte–Marquez* (1983) and *Macon* (1985) decisions relied upon in the *Causey* decision, predate the *Black* decision by at least three years. The Court of Criminal Appeals, however, did not rely on these cases in reaching its decision in *Black.* Instead, the court relied on the rule of law set forth in *U.S. v. Lefkowitz,* 285 U.S. at 467, 52 S.Ct. at 424: "[a]n arrest may not be used as a pretext to search for evidence." Insofar as the Texas Court of Criminal Appeals has held that when an arrest is used as a pretext, it is an illegal arrest and evidence discovered pursuant to it may not be used at trial, we are bound by the authority of their decision in construing a defendant's rights under article I, section 9 of the Texas Constitution and TEX.CODE CRIM.PROC.ANN. sec. 38.23 (Vernon 1979).

■ In his first point of error, Hamilton contends the trial court erred in failing to suppress the amphetamine seized during the search incident to his arrest and the statements he made regarding the amphetamine ("I thought I was out of dope") because the arrest was used as a pretext to search for evidence of auto theft. The State contends there is no evidence that the traffic offenses were used as a pretext to investigate another offense. When determining whether the trial court erred in overruling a pre-trial motion, the general rule is that we only consider the evidence introduced at that hearing. However,

when the point of error on appeal complains of the admission of evidence at trial and the issue has been consentually relitigated, it is proper to consider relevant portions of the trial testimony. *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex. Crim.App.1984).

The following evidence was introduced at trial. While on patrol in a high crime area of Fort Worth, Officers Ross and Jackson noticed a car parked on the wrong side of the street. The car was conspicuous because it was new and clean, a type and condition not normally seen in the neighborhood. The officers ran a computer check to see if the car was stolen and learned it was registered to an insulation company.

Later the officers noticed Hamilton leave the house the car was parked in front of and go sit in the car. They circled several blocks and returned from the opposite direction. As they rounded the last corner, they were almost struck head-on by Hamilton as he pulled away from the curb. Officer Ross testified he stopped Hamilton to talk to him about the dangers of driving on the wrong side of the road.

Hamilton was unable to produce a driver's license or proof of insurance. He stated he had an Oklahoma identification card but could not find it. He told the officers his name was Larry Dale Wilson, but had difficulty spelling Wilson and was unable to produce anything with his name on it. The officers testified Hamilton appeared nervous and uncomfortable and noticed that he was sweaty and his hands were shaking.

Hamilton did not mention the insulation company and had no papers that would indicate he had their permission to use the car. Attempts by the police to reach the company by phone were unsuccessful. Hamilton told the police the car was loaned to him by a woman named Sherry who was staying at a motel in Hurst. The police were unable to contact her because Hamilton did not know her last name.

Hamilton was cited for driving without a driver's license, driving without proof of insurance and driving on the wrong side of the road. He was taken into custody. The officers stated they wanted Hamilton to post a cash bond on the citations because his behavior, lack of identification, lack of a local address and inability to give a complete address, together with their inability to locate the owner or any person with information of the owner of the vehicle, led them to believe Hamilton would not take care of the tickets.

During the search for weapons and contraband incident to his arrest, a plastic bag containing a white powdery substance later identified to be amphetamine, was discovered in a sunglass case in Hamilton's pocket.

■ In addressing whether the trial court erred in finding that the arrest was not an illegal pretextual arrest and denying the motion to suppress, we begin by noting that the question of pretext is one of fact. *Gutierrez v. State*, 502 S.W.2d 746, 748 (Tex.Crim.App.1973). When ruling on a motion to suppress, the trial court is the sole judge of the witnesses' credibility and is free to believe or disbelieve any or all of the testimony of the witnesses. *Walker v. State*, 588 S.W.2d 920, 924 (Tex.Crim.App. [Panel Op.] 1979); *Villarreal v. State*, 631 S.W.2d 205, 208 (Tex.App.—Corpus Christi 1982, no pet.). Rulings of the trial court will not be set aside unless they constitute an abuse of discretion. *Sinegal v. State*, 582 S.W.2d 135, 137 (Tex.Crim.App. [Panel Op.] 1979); *Williams v. State*, 746 S.W.2d 333, 337 (Tex.App.—Fort Worth 1988, pet. ref'd). When reviewing factual determinations made by a trial court, we must not substitute our decision for that of the trial court. *Villarreal*, 631 S.W.2d at 208. Our task is not to make a de novo determination, but to only determine whether there is sufficient evidence to support the court's decision. *Id.* at 208. The inquiry becomes a question of whether, after viewing the evidence, any rational finder of fact could have ruled as the trial court did.

■ The objective facts in this case are not in dispute. Hamilton challenges only the final factual determination that must be made: whether the facts indicate a subjective pretextual motive on the part of the

arresting officers. The facts presented in this case do raise a fact question as to the officers' intent. The same facts relied upon to support the officers' decision to arrest Hamilton for the traffic violations would also fuel suspicions of car theft. When there are two plausible explanations for the officers' decision to arrest, one legal and one illegal, we cannot say that the trial court abused its discretion in finding that the arrest was valid and legal. Point of one is overruled.

 In his second point of error, Hamilton alleges the trial court erred in refusing his requested jury charge on pretextual arrest. Article 38.23 of the Texas Code of Criminal Procedure provides that evidence obtained in violation of the United States or Texas Constitutions shall not be admitted against a defendant in a criminal trial and that if the issue is raised, the jury is to be instructed to disregard any such evidence if it believes or has a reasonable doubt that it was obtained in violation of the state or federal constitutions. The language of article 38.23 is mandatory. *Simmons v. State*, 741 S.W.2d 595, 596 (Tex. App.—Dallas 1987, pet. ref'd). A defendant is entitled to a jury charge when a fact issue is raised by the evidence. *Murphy v. State*, 640 S.W.2d 297, 299 (Tex. Crim.App.1982); *Johnson v. State*, 743 S.W.2d 307, 309 (Tex.App.—San Antonio 1987, no pet.)

Because the facts do raise a question as to the officers' intent, Hamilton was entitled to a jury question on pretext arrest. Hamilton objected to the omission of a pretext question and his requested charge was denied. An error in the charge which is objected to in a timely fashion requires reversal if there is some harm to the accused because of the error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim. App.1984) (opinion on reh'g); TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon 1981). In other words, a properly preserved error will call for reversal as long as the error is not harmless. *Id.* Because a question of fact remained as to the subjective intent of the officers and Hamilton was entitled to have that question resolved by the jury, we cannot say that the trial court's refusal to charge the jury on pretext was harmless error.

Hamilton's second point of error is sustained and this cause is reversed and remanded to the trial court for new trial.