**Norberto SOTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00660–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 13, 1989.

Discretionary Review Refused
March 28, 1990.

Richard Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Susan Scolaro, Robert McClure, Jay Brandon, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a jury conviction of burglary of a vehicle. The trial court assessed punishment at thirty-five (35) years' imprisonment after finding both enhancement paragraphs true.

### Summary of Facts

Appellant was tried jointly with his co-defendant, Paul Garcia, whose appeal is pending in this Court's cause number 04-89-00016-CR. Two San Antonio police officers with the Repeat Offenders Project testified that they watched while a dark blue Mercury Marquis pulled into the parking lot of a Moose Lodge in Bexar County at about 10:45 p.m. on the night of September 2, 1987. Both officers, watching through binoculars, saw three men in the car. The two passengers in the Marquis were appellant and Garcia. The driver was a man named James Onie.

The car came to a stop beside a 1978 Ford F100 pickup truck. Garcia and Onie got out of their auto and walked toward the lodge building. They returned a few minutes later and appellant emerged from the car. The pickup truck had a toolbox attached to the bed. Appellant, using a pry bar or screwdriver, pried open one side of the toolbox and began removing tools from the toolbox. Garcia exited the Marquis, went to the Ford pickup truck and assisted Soto in carrying the tools back to the Marquis. They put the tools, including a lug wrench and a jack, into the back seat of the Marquis. Next, appellant and Onie removed a red drill case from the truck's toolbox and put it in the trunk of the Marquis.

Appellant, Garcia and Onie then left the parking lot in the Marquis and the officers followed in separate cars. Officer Mario Ramirez called for assistance and then returned to the parking lot. Officer Valentine Lopez continued to survey the Marquis, soon joined by other officers. A chase ensued which ended with the Marquis running into a marked police car.

Meanwhile, Officer Ramirez went into the Moose Lodge and located the owner of the Ford pickup truck, John Barnhart. He then went to the location where the suspects' car had been stopped. The same three men he had seen breaking into the pickup truck were now under arrest. Officer Ramirez opened the trunk of the Mercury Marquis and removed a red metal case containing an electric drill, the same object he had seen appellant and Onie remove from the pickup truck's toolbox half an hour earlier.

John Barnhart testified that he owned a 1978 Ford F100 pickup truck that had been parked at the Moose Lodge on September 2, 1987. He described the toolbox that was bolted to the bed of the truck and secured with padlocks. He also described his meeting with Officer Ramirez that night and his discovery that the locks had been broken off the truck's toolbox and various tools stolen. He had not given permission to appellant, or anyone else, to enter his truck.

Appellant rested without offering any evidence.

■ In his first point of error, appellant contends that the evidence is insufficient to

support his conviction for burglary of a vehicle because the evidence showed only that he entered a locked toolbox secured to the bed of the pickup truck and removed tools from the toolbox rather than from the vehicle. Appellant argues that because the toolbox was an item attached to the bed of the pickup truck, it was not part of the vehicle. We disagree.

The elements of burglary of a vehicle are that a person, without the consent of the owner, breaks into or enters a vehicle or any part of a vehicle with intent to commit theft. TEX.PENAL CODE ANN. § 30.04(a) (Vernon 1989); *Washington v. State*, 603 S.W.2d 859, 859 (Tex.Crim.App. 1980).

■■■ Sufficiency of the evidence is a question of law. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). It is the duty of the State to prove each and every element of the crime beyond a reasonable doubt. *Wright v. State*, 603 S.W.2d 838, 840 (Tex. Crim.App.1980).

In the instant case, witnesses testified that appellant broke the locks on a toolbox in the bed of the pickup truck and removed items from that box. The owner of the truck testified that the toolbox is bolted to the open bed of the truck and locked with padlocks.

The issue presented is clear and apparently one of first impression: does such a locked toolbox bolted to the bed of a pickup truck constitute "any part of a vehicle" as required by our TEX.PENAL CODE ANN. § 30.04(a) (Vernon 1989)? We hold it does and overrule appellant's first point of error.

In his second point of error, appellant contends that the trial court erred when it denied appellant's motion to suppress evidence obtained in the search of the vehicle in which appellant was a passenger when arrested. Appellant's counsel objected to appellant's *warrantless* arrest and subsequent search of the Mercury Marquis auto and seizure of the tools taken from the complainant's pickup truck. Appellant argued that the arrest and search violated the Fourth Amendment to the United States Constitution and article I, sections 9 & 10 of the Texas Constitution along with the applicable provisions of Chapter 14 and article 38.23 of our Code of Criminal Procedure. The trial court overruled appellant's objections.

■■■ To the extent appellant complains of his own arrest and the search of someone else's car, this point of error is multifarious and presents nothing for review. *Smith v. State*, 676 S.W.2d 379, 383 (Tex.Crim.App. 1984), *cert. denied*, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490. Nevertheless, we will address the merits of appellant's claim in the following manner:

Appellant asserts that the failure of Officer Martinez to verify with the owner that entry of the pickup was without the owner's consent prior to the arrest resulted in an illegal arrest of appellant because the officer, under the facts of this case, had not seen an offense committed in his view. Therefore, the subsequent search was illegal and the evidence seized should have been suppressed.

*Arrest*

■■■ Under the facts of this case, we hold that Officer Ramirez had seen enough to justify appellant's arrest under TEX. CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977), which authorizes a peace officer to arrest if he has seen an offense committed in his view. The evidence shows that Officer Ramirez had seen appellant and his companions park next to the pickup truck; look around and then approach the truck; break open the toolbox; remove tools from it; carry those tools to the car in which the suspects were riding; and then leave. Under these circumstances, the officer had probable cause to conclude that it was not appellant's own truck he and his companions were entering, and that the actual owner of the truck had not given the suspects permission to enter his truck toolbox and remove his tools. In other words, based on what Officer Ramirez had seen, a prudent man in his position would have been warranted in believing he had just

witnessed the burglary of a vehicle. *Smith v. State*, 739 S.W.2d 848, 852 (Tex. Crim.App.1987). Once Officer Ramirez relayed his information to other officers, those officers were authorized to make a warrantless arrest. *Caraballo v. State*, 706 S.W.2d 773, 774 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd).

### *Search*

As for the State's testimony concerning the search of the trunk of the Mercury Marquis that produced the drill, appellant has no standing to complain of that search. Appellant failed to establish that he had a legitimate expectation of privacy in the place searched. *Rakas v. Illinois*, 439 U.S. 128, 148, 99 S.Ct. 421, 433, 58 L.Ed.2d 387 (1978); *Garza v. State*, 705 S.W.2d 818, 820 (Tex.App.—San Antonio 1986, no pet.). One, such as appellant, who is not the owner of a car, has no standing to contest its search. *Esco v. State*, 668 S.W.2d 358, 361 (Tex.Crim.App. 1982). The burden is on the defendant to demonstrate that his own rights were violated by the search. *Rakas*, 439 U.S. at 130 n. 1, 99 S.Ct. at 424, n. 1; *Villarreal v. State*, 685 S.W.2d 449, 452 (Tex.App.—San Antonio 1985), *aff'd*, 708 S.W.2d 845 (Tex. Crim.App.1986). All of the testimony at trial showed that appellant was only a passenger in that car. A man named James Onie was the driver. Appellant did not take the stand even for the limited purpose of establishing his standing to complain of the search. We find appellant has not satisfied his burden.

For the above reasons, appellant's second point of error is overruled.

The judgment is affirmed.