Haag 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-318-CR





CAMERON CLARK HAAG,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE





 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 370,900, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING



 






 A jury convicted appellant Cameron Clark Haag of driving while intoxicated,
sentenced him to ninety days in prison, assessed a fine of $3000, and probated the prison term and
$2000 of the fine for fifteen months. See Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 3,
1983 Tex. Gen. Laws 1568, 1574-75 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), since amended
and codified at Tex. Penal Code Ann. § 49.04). The trial court rendered judgment on the jury
verdict. Appellant challenges his conviction by two points of error, complaining that the trial
court improperly forbade him from arguing applicable law in closing argument. We will affirm
the judgment of conviction.


THE CONTROVERSY


 Early in the morning of March 1, 1992, Officer Samuel Ramirez of the Austin
Police Department was dispatched to the scene of a collision in the 2400 block of Leon Street in
Austin, Texas. While monitoring the progress of a tow-truck operator, Officer Ramirez observed
appellant's vehicle travelling west on 25th Street, stopping at the stop sign at 25th and Leon, and
then turning left to travel south on Leon. At trial, Ramirez testified that appellant drove
recklessly after turning onto Leon, proceeding at an unsafe speed and narrowly avoiding a
collision with the tow truck. Signalling with his flashlight, Ramirez pulled appellant's car over
to the curb. When he approached the car, Ramirez smelled a strong odor of alcohol through
appellant's open window. Suspecting that appellant was driving while intoxicated, Ramirez asked
appellant to step out of the car. Ramirez testified that appellant's breath smelled of alcohol and
that appellant performed unsatisfactorily on a series of field sobriety tests. On the basis of his
observations, Ramirez arrested appellant on a charge of DWI.

 Appellant chose to testify at trial. He denied driving recklessly and stated that he
carefully avoided the tow truck at a reasonable speed. He testified that he had the normal use of
his mental and physical faculties while he was driving and claimed that he was not intoxicated. 
However, appellant did admit that he had consumed four or five six-ounce glasses of beer over
the three to four-hour period just before his arrest.

 Because appellant raised a fact issue concerning the legality of his stop and
detention, the trial court included an instruction under the Texas exclusionary rule (1) in the jury
charge. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1994); Stone v. State, 703
S.W.2d 652, 655 (Tex. Crim. App. 1986). The instruction reads as follows:



You are instructed that under our law no evidence obtained or derived by an officer
as a result of an unlawful stop and detention of an accused shall be admissible in
evidence against such accused. . . . [I]f you find from the evidence that on the
occasion in question the defendant did not drive his motor vehicle in a manner that
demonstrated willful or wanton disregard for the safety of persons or property
prior to his stop and detention by the police officer involved herein, then such
stopping of the accused would be illegal, and . . . you will disregard the testimony
of the officer relative to his stopping the defendant and his conclusions drawn as
a result thereof and all evidence obtained as a result thereof and you will not
consider such evidence for any purpose whatsoever.



 The trial court and counsel discussed this instruction outside the presence of the
jury just prior to the start of closing argument. The prosecutor had previously declared her
intention to argue that the jury could consider appellant's testimony on the issue of guilt even if
the jury determined that appellant's stop was illegal. Appellant's counsel objected, arguing that
appellant's trial testimony under those circumstances would qualify as evidence derived from the
illegal stop. The trial court ruled that the prosecutor's argument would be proper and allowed
appellant to make a running objection to the argument. The court also ruled that appellant could
not argue that a finding of an illegal stop would require exclusion of appellant's testimony. 
During jury argument, the prosecutor never made the disputed argument. However, appellant's
counsel made the argument the trial court had prohibited, indicating to the jury that a finding of
an illegal stop required an acquittal without further deliberation. The trial court sustained the
prosecutor's objection to appellant's argument.



DISCUSSION


 In his two points of error, appellant complains of the trial court's refusal to allow
him to argue that a finding of an illegal stop would require the jury to exclude from their
consideration appellant's testimony. The State argues that appellant failed to properly preserve
error for review. We agree. The gist of appellant's claim concerns the scope of the Texas
exclusionary rule. Appellant argues that Officer Ramirez stopped him without probable cause,
making any evidence derived from the stop inadmissible. Appellant states that he testified at trial
only to rebut and overcome Officer Ramirez's improperly admitted testimony. Therefore,
appellant argues, his own testimony was derived from the illegal stop and should be inadmissible. 
Both appellant and the State advance arguments and authorities concerning the scope of the
exclusionary rule and its applicability to appellant's testimony. However, we need not reach this
issue because appellant failed to preserve error for review in this Court.

 Appellant raised his complaint only by objecting to the trial court's pre-argument
rulings on the scope of permissible jury argument. At that point, the charge had been submitted
without objection from appellant, and appellant made no objection to the charge after hearing the
trial court's interpretation. We hold that the trial court's rulings on the scope of the jury argument
were not erroneous because they followed the charge. The charge, as quoted above, required the
exclusion of police evidence derived from any illegal stop. However, as written, the charge does
not expressly exclude appellant's testimony. Nor did the charge indicate that a finding of an
illegal stop compelled an acquittal for appellant. A trial court has broad discretion to control the
scope of jury argument. Eckert v. State, 672 S.W.2d 600, 603 (Tex. App.--Austin 1984, pet.
ref'd); see Tex. Code Crim. Proc. Ann. art. 36.07 (West 1981). The trial court properly
conformed the scope of the argument to the scope of the charge. See Eckert, 672 S.W.2d at 603. 
Appellant had the obligation to request more specific clarification of an issue in the charge when
it might have been unclear. Elias v. State, 693 S.W.2d 584, 588 (Tex. App.--San Antonio 1985,
no pet.).

 Appellant neglected two opportunities to raise the real substance of his complaint
before the trial court. First, appellant could have raised the issue through a pretrial motion to
suppress Officer Ramirez's testimony. Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West
1989). Although appellant filed such a motion, the record reflects that appellant failed to obtain
a hearing. Given the opportunity, the trial court might have suppressed Officer Ramirez's
testimony, obviating the need for appellant's testimony. If the court had denied the motion, the
denial would have preserved appellant's right to complain of any error in the trial court's
application of the exclusionary rule. Tex. R. App. P. 52(a); Peake v. State, 792 S.W.2d 456,
458-59 (Tex. Crim. App. 1990). Second, appellant could have raised the issue by asking for a
specific instruction in the jury charge even in the absence of a motion to suppress. See Johnson
v. State, 743 S.W.2d 307, 309-10 (Tex. App.--San Antonio 1987, pet. ref'd). The record reflects
that the prosecutor had informed appellant's counsel of her intended jury argument at an in-chambers conference prior to submission of the charge. Appellant could have requested a special
instruction requiring the jury to acquit appellant if it found that his stop was illegal. Tex. Code
Crim. Proc. Ann. art. 36.15 (West Supp. 1994). That special request would have sufficed to
preserve error for appeal without further objection. Id. Further, appellant could have objected
to the charge after hearing the trial court's interpretation just prior to jury argument. Because the
charge had not been read to the jury at that time, appellant had the right to object to the charge
or ask for a change in the charge. Id. However, appellant at no time requested a special
instruction and never objected to the charge. Therefore, by failing to obtain a ruling on his
motion to suppress Officer Ramirez's testimony and by failing to object to the charge at any time,
appellant waived any complaints of error concerning the admissibility of his testimony under the
Texas exclusionary rule. Tex. R. App. P. 52(a); Grady v. State, 614 S.W.2d 830, 831 (Tex.
Crim. App. 1981); Niehouse v. State, 761 S.W.2d 491, 494 (Tex. App.--Dallas 1988, no pet.).

 The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 14, 1994

Do Not Publish
1. [1] In his appeal to this Court, appellant has raised an issue only under the statutory
exclusionary rule and not under the United States or Texas Constitutions.