Willie Albert JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00278–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1994.

Mark H. Fernandez, Baytown, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Bettina Richardson, Houston, for appellee.

## OPINION

HUTSON–DUNN, Justice.

A jury found appellant, Willie Albert Jackson, guilty of the felony offense of possession of cocaine in an amount less than 28 grams.

After finding two enhancement paragraphs to be true, the trial court sentenced appellant to 25–years imprisonment.

Appellant brings three points of error. He asserts that the trial court erred by admitting evidence obtained through an illegal search and seizure and by refusing to grant an instruction in the charge regarding the legality of the search and seizure. Further, he contends that the trial court erroneously allowed the prosecutor to ask improper questions during the guilt-innocence phase of trial. We affirm the judgment of the trial court.

In his first point of error, appellant argues that the trial court erred in admitting the cocaine that he was convicted of possessing. Specifically, he asserts that it was obtained as the result of an illegal search and seizure.

Appellant filed a *pro se* pre-trial motion to suppress. During a pre-trial bench conference on the day of trial, appellant's counsel, Mark Fernandez, adopted appellant's motion. The Court and both counsel agreed that the suppression hearing on the motion would occur during the trial upon objection and request by appellant.

The State's first witness at trial was Officer Wayne Wappes, an undercover narcotics officer who participated in the "buy-bust" operation that led to appellant's arrest. While Officer Wappes was on the stand, the State tendered four exhibits for admission into evidence. These exhibits included: (1) a Houston Police Department evidence envelope that contained the items that were recovered from the "buy-bust" operation and submitted to the narcotics lab for testing; (2) a matchbox discovered on the ground near appellant that contained two rocks of crack cocaine; and (3) a crack pipe recovered from appellant's pants pocket. The court admitted all of these exhibits after appellant's counsel stated that he had no objections.

The State next called Officer S.J. Sanders, the raid team member who discovered the matchbox and crack pipe. As Officer Sanders began to testify about the series of events that led to the discovery of these items, appellant requested and obtained a suppression hearing outside the jury's presence. At

**914**

the close of the hearing, the court denied appellant's motion to suppress without making any findings of fact.

Finally, the State called Claudia Busby, a chemist for the Houston Police Department Crime Laboratory. Busby testified that she conducted a chemical analysis on the contents of the matchbox and crack pipe and that both items contained cocaine in the aggregate of 149.5 milligrams. The State again offered the matchbox and crack pipe into evidence, and appellant objected to the admissibility of these items. The court overruled appellant's objection.

■ Appellant failed to object to the admissibility of the matchbox and crack pipe until after both items were initially admitted into evidence. In order to preserve a complaint for appellate review, a party must present a *timely* objection to the court. Tex. R.Crim.Evid. 103(a)(1); Tex.R.App.P. 52(a). Further, even constitutional guarantees may be waived by the failure to object at trial. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim.App.1990); *Gibson v. State,* 516 S.W.2d 406, 409 (Tex.Crim.App.1974).

■ We find that appellant waived the right to complain about the admission of the cocaine discovered in the matchbox and crack pipe by failing to object when these items were first tendered for admission into evidence. Although appellant obtained a hearing on his motion to suppress and objected when the State again offered the matchbox and crack pipe into evidence during Busby's testimony, we find that appellant's actions were untimely and preserved nothing for review. It is well settled that the admission of inadmissible evidence can be rendered harmless error if other evidence that proves the same fact that the inadmissible evidence sought to prove is admitted without objection at trial. *Willis v. State,* 785 S.W.2d 378, 383 (Tex.Crim.App.1989), *cert. denied,* 498 U.S. 908, 111 S.Ct. 279, 112 L.Ed.2d 234 (1990). Therefore, we need not reach the merits of appellant's point of error.

We overrule appellant's first point of error.

■ In his third point of error, appellant complains that the trial court erred in failing to grant his requested jury instruction that would have allowed the jury to determine whether he was legally searched and whether the crack pipe was legally seized.[1] Since appellant waived the right to complain about the admission of the crack pipe and matchbox, we find that the trial court did not err in refusing to place appellant's requested instruction in the court's charge.

We overrule appellant's third point of error.

In his second point of error, appellant argues that the trial court erred in allowing the prosecutor to imply during cross-examination that appellant had neither been punished nor rehabilitated adequately for two prior convictions.

Appellant testified during trial. Near the end of his direct examination, defense counsel asked appellant about his prior convictions. Appellant stated that he had two prior convictions for possession of cocaine. On cross-examination, the State showed appellant copies of his two felony convictions and established the cause numbers, courts, conviction dates, and sentences received for each. Specifically, the following questions, objections, and rulings by the trial judge occurred:

Q. [T]hese papers that indicate that you have been convicted of the felony offense of possession of a controlled substance are as a matter of fact yours; is that correct?

A. The two convictions, yes.

Q. The two convictions and on this one it says you received a conviction of three years in the Texas Department of Corrections?

A. Yes, ma'am.

Q. Did you ever go to the penitentiary?

A. No, ma'am.

MR. FERNANDEZ: Your Honor, I would object to that as being irrelevant as

---

1. In any case where an issue is raised as to the admissibility of the evidence offered against the accused, the jury shall be instructed that it cannot consider the evidence if it has a reasonable doubt as to whether the evidence was legally obtained. Tex Code Crim.Proc Ann. art. 38.23(a) (Vernon Supp.1994).

to whether he went from the county jail or what. It's not relevant but may be prejudicial.

. . . .

THE COURT: Overruled.

Q. So you didn't make it to the penitentiary on this conviction for possession of a controlled substance, did you?

A. No, ma'am.

Q. And why is that?

A. I think they say that the penitentiary was overcrowded.

Q. And so where did you do your time?

A. Harris County jail.

. . . .

Q. Were paroled out of Harris County jail?

A. Yes, ma'am.

MR. FERNANDEZ: Your Honor, again I object to where he's been and whether or not he was paroled.

THE COURT: Overruled. Go ahead.

Q. Okay. And before you committed that offense ... you were also convicted of possession of a controlled substance, is that correct?

A. Yes, ma'am.

Q. Now, in that one what was your original conviction? What was the original punishment?

A. Five years.

Q. Of what?

A. Of a controlled substance.

Q. Right. But initially you were placed on probation or sent immediately to the Texas Department of Criminal Justice?

A. I was placed on—

MR. FERNANDEZ: Your Honor, I would object to that as being outside the scope of permissible proving of the conviction. Going into matters other than the conviction itself. Once again, I don't think it's relevant but it could be prejudicial to the jury.

. . . .

THE COURT: The objection is sustained. Don't answer that.

. . . .

Q. Now Mr. Jackson, the conviction that we were just talking about that you received the five years on, that was before this other conviction, is that correct?

A. Yes, ma'am.

Q. Okay. And did you go to the penitentiary on that one?

A. No, ma'am.

Q. Why is that?

MR. FERNANDEZ: Your Honor, again I would object on the same basis.

THE COURT: Overruled. Go ahead.

Q. Why is that, Mr. Jackson?

A. I was placed on probation.

Q. And when your probation was revoked did you go to the penitentiary then?

. . . .

Q. Well, you were sentenced to the Texas Department of Corrections and you never got there?

A. Yes, ma'am.

Q. Paroled out of Harris County jail?

A. Yes, ma'am.

Q. You got out of Harris County jail?

A. Yes, ma'am.

Appellant argues that this line of questioning was irrelevant and unduly prejudicial because it implied to the jury that he had neither been punished nor rehabilitated adequately for his previous offenses. Although the record is not clear, it appears from the State's questions and appellant's responses that appellant was placed on probation for his two prior convictions, had his probation revoked, and was subsequently paroled out of the Harris County jail.

 In response, the State contends that appellant failed to preserve error by making objections at trial that were not specific and that did not comport with his objection on appeal.

To preserve error for appellate review, the complaining party must make a specific objection. *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Cr.App.1985); TEX.R.APP.P. 52(a). Further, the point of error on appeal must correspond to the objection made at trial. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986).

We find that appellant's trial objections were sufficiently specific and consistent with his objection on appeal. As noted above, appellant objected at trial on the basis of relevancy and unfair prejudice to the State's questions regarding whether he had served time in the penitentiary. Appellant raised the same two objections in the second point of error in his brief on appeal. We must therefore consider whether the State's questions were irrelevant or unfairly prejudicial.

The State contends that the allegedly improper questions were permissible because they merely notified the jury of the contents of the judgments from appellant's two prior convictions. *See Ordonez v. State,* 806 S.W.2d 895, 897 (Tex.App.—Corpus Christi 1991, pet ref'd). However, unlike *Ordonez,* the judgments in this case were not admitted into evidence. Rather, pursuant to Tex. R.Crim.Evid. 609(a), the State attempted to impeach appellant by questioning him regarding his prior convictions. Thus, we cannot tell whether the State's questions were taken from the judgments because the judgments are not part of the record.

■■■ The State additionally asserts that its questions were relevant to show that appellant had not successfully completed his probation. We disagree. Tex.R.Crim.Evid. 609(a) and (c)(2) provide that a conviction of a felony or crime of moral turpitude is not admissible for impeachment purposes if the witness has satisfactorily completed his probation. However, the proponent of the witness bears the initial burden of establishing that the witness has satisfactorily completed probation in order to render the conviction inadmissible. *See Cross v. State,* 586 S.W.2d 478, 480–81 (Tex.Crim.App.1979); *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App. 1977). Until the proponent sustains this burden, proof of probation revocation is unnecessary for impeachment. *See Cross,* 586 S.W.2d at 481. Since appellant never challenged the finality of his prior convictions for possession of cocaine, we find that the State's questions regarding appellant's probation revocation were unnecessary. The trial court erred by permitting this line of questioning over appellant's objection.

■■■ We must now determine whether the error was harmless beyond a reasonable doubt. *Lewis v. State,* 866 S.W.2d 272, 276 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); Tex.R.App.P. 81(b)(2). The reviewing court must examine "the entire record in a neutral, impartial, and even-handed manner and not in the light most favorable to the prosecution." *Harris v. State,* 790 S.W.2d 568, 586 (Tex.Crim.App.1989). Additionally, it should isolate the error and all its effects, and ask whether a rationale trier of fact might have reached a different result if the error had not occurred. *Id.* at 588. Factors the court should consider include: (1) the source of the error; (2) the nature of the error; (3) the error's probable collateral implications; (4) whether or to what extent it was emphasized by the State; (5) how much weight a juror would probably place on the error; and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* at 587.

■■■ Upon considering these factors, we find that any error in this case was rendered harmless. Although the prosecutor's questions were the source of the error, we find that the nature of the error and its collateral implications did not hinder the jury's ability to "properly apply the law to the facts to reach a verdict." *Harris,* 790 S.W.2d at 588. The court's charge instructed the jury that it could only use evidence of appellant's convictions to determine his credibility. Defense counsel reminded the jury of this instruction during his closing argument, and the State made no reference to appellant's prior convictions during its closing. Further, the questions had no effect on the punishment phase of trial because the trial court assessed punishment in this case.

■■■ We additionally find that, under the facts of this case, the jury probably did not place much weight on the error during its deliberations at the guilt-innocence phase of trial. *See Harris,* 790 S.W.2d at 587. As already noted, the evidence in this case included items discovered on or near appellant's person that contained 149.5 milligrams of cocaine. Overwhelming evidence of guilt can render an error harmless if it dissipates the error's effect upon the jury's function in

determining the facts so that the error did not contribute to the jury's verdict. *Id.* at 587. We find no evidence in the record that the jury based appellant's conviction on anything other than the cocaine discovered in the matchbox and crack pipe.

Finally, declaring the error harmless in this case will not encourage the State to repeat it with impunity. Since the determination of the harmlessness of an error is a fact-specific inquiry, *see Harris,* 790 S.W.2d at 586, we note that the error in this case could be considered harmful in other contexts.

We overrule appellant's second point of error.

We affirm the judgment of the trial court.

ANDELL and PRICE [2], JJ., also participating.