Coats v. SOT








NUMBER 13-01-232-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


CLARENCE ALLEN COATS, Appellant,


v.


THE STATE OF TEXAS, Appellee.


On appeal from the 24th District Court

of DeWitt County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa


A jury found appellant, Clarence Allen Coats, guilty of the offense of possession of less than one gram of cocaine and
assessed his punishment at two years confinement in a state jail. By a single point of error, appellant contends that since
the arresting officer had no probable cause or reasonable suspicion to detain him for investigative purposes, the search
revealing the cocaine was invalid, and State Exhibits 2 and 3 (a plastic baggie and the cocaine) should have been
suppressed. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

During the State's case-in-chief, State Exhibits 2 and 3 were admitted into evidence with no objection from appellant. 
After the State rested, appellant attempted to present a motion to suppress State Exhibits 2 and 3. 

A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. Galitz v. State, 617
S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981). Therefore, it must meet the requirements of an objection. Mayfield v.
State, 800 S.W.2d 932, 935 (Tex. App.-San Antonio 1990, no pet.). An objection must be timely made with sufficient
specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a); Broxton v. State, 909 S.W.2d 912, 918
(Tex. Crim. App. 1995). A defendant must object at trial when the complained of evidence is first elicited. See Dinkins v.
State, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991);
Jackson v. State, 888 S.W.2d 912, 914 (Tex. App.-Houston [1st Dist.] 1994, no pet.). 

Because he did not object to State Exhibits 2 and 3 at the time they were admitted into evidence, we hold appellant waived
the issue he now complains of on appeal. Accordingly, nothing is preserved for our review. We overrule appellant's sole
point of error.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

28th day of March, 2002.