Opinion Issued March 4, 2004 






 







     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00045-CR




JAMES R. LEMONS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Court At Law
Walker County, Texas
Trial Court Cause No. 01-1426




O P I N I O N

          Appellant, James R. Lemons, was convicted by a jury for the misdemeanor
offense of possession of marihuana weighing two ounces or less.


 The jury sentenced
him to 90 days’ imprisonment and a $1,000 fine. In one issue presented, appellant
argues that he was denied effective assistance of counsel. We affirm.BackgroundPrior to trial, appellant filed a motion to suppress the marihuana, claiming that
the arresting officer, Officer Davis McGann, had no reasonable suspicion to conduct
the pat-down of appellant which resulted in the narcotics recovery. At the motion to
suppress hearing, Huntsville Police Officer David McGann testified that, on August
22, 2001, Officer Broderick Davis, who was on his way to an unrelated call,
contacted him via police radio and informed him that Davis had driven by the parking
lot of a vacant building in a known drug crime area and had seen a person he knew
sitting in his car in the parking lot of the vacant building. Davis described the vehicle
to McGann and told McGann that the man in the car, later confirmed to be appellant,
was known to sell marihuana and that he believed appellant was actively engaged in
selling marihuana. 
          Based on the information provided by Davis, McGann went to the location,
observed the vehicle Davis had described, and approached it. McGann told appellant
that he had been told someone might be selling marihuana out of his car. McGann
asked appellant to get out of the car so that he could check appellant for weapons. 
Although McGann admitted that he did not have any specific reason to believe that
appellant was carrying a weapon, McGann testified that when he is investigating a
possible drug-dealing situation he conducts pat-downs to check for weapons for his
safety because investigating possible drug-dealing raises his concerns for safety and
for a greater chance of weapons being present. McGann also observed that it was
important to conduct a pat-down in this case because he was alone, had only one
angle of observation, and had limited visibility of appellant and his car. McGann
stated that his purpose in conducting the pat-down was not to search for drugs, but
for weapons. 
          McGann did not find anything in his pat-down search that led him to believe
appellant had a weapon. But, during the search, McGann felt some substance in a
baggy in appellant’s cargo pants pocket, later confirmed to be marihuana. McGann
asked appellant what was in his pocket. Appellant told McGann that it was
something like a bandanna. Then appellant reached for his pocket. McGann, fearing
there might be a weapon, grabbed appellant’s hand, put it back on the car, and then
reached into appellant’s pocket and retrieved the baggy. McGann testified that he
believed it was necessary to obtain the substance from appellant’s pocket because he
“felt something might happen.”


 McGann arrested appellant, searched his vehicle,
and recovered a marihuana cigarette from the ashtray. Appellant was then charged
with possession of marihuana.
          Following the foregoing testimony, appellant argued that the fruits of the
search should be suppressed because McGann lacked reasonable suspicion to
approach and/or investigate appellant; the pat-down protective search was not
justified; and, even if it was justified, it exceeded the appropriate scope because
McGann had no reason to believe appellant had a weapon. The State argued that
there was reasonable suspicion for McGann to stop and search appellant based on the
information provided to him by Davis. It further argued that, based on his experience
and training, McGann had reason to believe that weapons might be involved and that
the search was limited to a pat-down for safety purposes. The trial court denied the
motion to suppress, and the case proceeded to trial. 
          During his cross-examination of Officers Davis and McGann, appellant’s
counsel focused predominately on the issues of reasonable suspicion to search and
the extent of the search. After cross-examining the State’s witnesses, the State moved
to admit the marihuana into evidence. Appellant’s counsel stated that he had no
objection, and the evidence was admitted. 
          Before the charge was read to the jury, appellant’s counsel asked the court for
a jury charge instruction, pursuant to article 38.23 of the Texas Code of Criminal
Procedure, on whether McGann had reasonable suspicion to search appellant. Rule
38.23 provides that no evidence obtained in violation of the federal or state
constitutions or laws may be admitted in evidence and that when the legal evidence
raises an issue regarding a violation, the jury must be instructed that if it believes, or
has a reasonable doubt, that the evidence was obtained in violation of the law, it must
disregard the illegally obtained evidence. Tex. Code Crim. Proc. art. 38.23(a)
(Vernon 2003). Appellant wanted to include an article 38.23 question in the charge
because he claimed there was a fact issue for the jury to decide regarding reasonable
suspicion to search appellant. Appellant explained the fact issue present: 
Officer Davis said that he did not observe anybody around
the car, and that he only reported to Officer McGann that
there was a car sitting there. That’s it. That was Officer
Davis’ testimony. I gave him several opportunities. 
However, now we have a conflict in the testimony between
the officers, as to what was communicated to Officer
McGann, which would raise a question as to whether or not
Officer McGann even had reasonable suspicion to
approach this individual, much less the Terry pat and the
ultimate search. . . The fact issue is whether or not Officer
McGann had—was provided information which would
give him reasonable suspicion to—.
 
          The court denied appellant’s request on the ground that appellant had
affirmatively stated that he had no objection to the evidence. The record reflects that
appellant’s counsel was unaware of the law cited to him by the court. After counsel
referred the trial court to the law on the fact issue raised, the court stated: “Okay, and
while I’m looking at these, you look at [Jackson v. State,] 888 S.W.2d 912 [(Tex.
App.—Houston [1st Dist.] 1994, no pet.)] and tell me why you’re entitled to that
charge when you did not object to the evidence being introduced.” Appellant’s
counsel argued that there was no necessity to object, but his request was denied. The
jury convicted appellant of possession of marihuana. 
Discussion 

          In his sole issue, appellant claims he was denied effective assistance of counsel. 
In particular, appellant argues that his trial counsel’s statement of “no objection” to
the admission of the marihuana into evidence waived his ability to appeal the motion
to suppress and precluded the reasonable-suspicion-to-search issue appellant’s
counsel later wished to have included in the jury charge pursuant to article 38.23. 
Therefore, according to appellant, because his trial counsel wanted to obtain an article
38.23 instruction, but could not receive one because he had affirmatively stated that
he had no objection to the introduction of the marihuana, his trial counsel’s failure
could not be a matter of strategy, but instead was an unprofessional error that
prejudiced appellant. 
           In reviewing an ineffective assistance of counsel claim, we evaluate the
effectiveness of counsel under the two-pronged test enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984), Hernandez v. State, 988 S.W.2d
770, 770 (Tex. Crim. App. 1999). First, the defendant must show that his counsel’s
representation fell below an objective standard of reasonableness. Strickland, 466
U.S. at 688, 104 S. Ct. at 2064. To prove this deficiency in representation, the
defendant must demonstrate that his counsel’s performance deviated from prevailing
professional norms. Id. Second, the defendant must show prejudice. This requires
the defendant to show that there is a reasonable probability that, but for his counsel’s
unprofessional errors, the result of the proceeding would have been different. 
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a
probability sufficient to undermine confidence in the outcome. Id. The failure to
satisfy one prong of the Strickland test negates a court’s need to consider the other. 
Id. at 697, 104 S. Ct. at 2069. Appellant bears the burden of proving by a
preponderance of the evidence that counsel was ineffective. Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). 
          We cannot speculate beyond the record provided; rather, a reviewing court
must presume that counsel’s actions were taken as part of a strategic plan for
representing the client. Young v. State, 991 S.W.2d 835, 837-38 (Tex. Crim. App.
1999). An appellant must overcome the presumption that his trial counsel’s strategy
was sound and affirmatively demonstrate the alleged ineffective assistance of counsel
from the record. Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003);
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000); Thompson, 9 S.W.3d at
813-14. 
          Appellant’s trial counsel’s strategy was to suppress the marihuana recovered
at the scene on the ground that the search was illegal. A motion to suppress is the
appropriate vehicle to challenge the fruits of an allegedly illegal search. See Jackson
v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Appellant’s counsel,
accordingly, moved to suppress the marihuana and obtained a hearing, at which his
motion was denied. When a pretrial motion to suppress evidence is overruled, the
defendant need not subsequently object at trial to the same evidence in order to
preserve error on appeal. Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App.
1986). However, when the defendant affirmatively asserts during trial that he has “no
objection” to the admission of the complained of evidence, he waives any error in the
admission of the evidence, despite the pretrial ruling. Id.; see also Moody v. State,
827 S.W.2d 875, 889 (Tex. Crim. App. 1992). 
          Here, when the State offered the contraband at trial, appellant’s counsel
affirmatively stated that he had no objection to the introduction of that evidence,
thereby waiving any error in the trial court’s denial of his motion to suppress, and
precluding him from later obtaining an article 38.23 jury instruction that the
marihuana was the fruit of an illegal search. Jackson v. State, 888 S.W.2d 912, 914
(Tex. App.—Houston [1st Dist.] 1994, no pet.). Appellant’s appellate counsel argues
that trial counsel’s affirmative statement of “no objection” demonstrates ineffective
assistance of counsel because it radically undermined trial counsel’s own strategy for
protecting his client—keeping the marihuana out of evidence—and, therefore, could
not have been part of a professional reasonable trial strategy. We agree that appellant
“no objection” statement undermined his own strategy. Therefore, appellant has
satisfied the first prong of Strickland by demonstrating that his trial counsel’s
performance fell below an objectively reasonable professional standard. See
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. We must therefore determine
whether appellant was harmed by his counsel’s ineffective representation. See id. at
694, 104 S. Ct. at 2068. 
          Although appellant has satisfied the first prong of Strickland, we find that
appellant has failed to demonstrate that he was prejudiced by his trial counsel’s
failure to preserve error with respect to the motion to suppress. At the motion to
suppress hearing, appellant contended that the search should not be upheld for three
reasons: (1) there was no reasonable suspicion to approach appellant; (2) there was
no reason for officers to conduct a Terry protective search; and (3) the pat-down
exceeded the scope of Terry. 
          Law enforcement officers may stop and briefly detain persons suspected of
criminal activity if the circumstances on which the officers rely objectively support
a reasonable suspicion that the person detained actually is, has been, or soon will be
engaged in criminal activity. Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim.
App.1997). Reasonable suspicion exists if the officer has specific articulable facts
which, when combined with rational inferences from those facts, would lead him
reasonably to suspect that a particular person has engaged in or is engaging in
criminal activity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). This
standard is an objective one; there need only be an objective basis for the stop. Id.
The reasonable suspicion determination is made by considering the totality of the
circumstances. Id. The information provoking the officer’s suspicions need not be
based on his own personal observations, but may be based on an informant’s tip that
bears sufficient “indicia of reliability” to justify a stop. See Adams v. Williams, 407
U.S. 143, 146-47, 92 S. Ct. 1921, 1923-24 (1972). 
          In the present case, McGann’s suspicions were based on Officer Davis’s
information. McGann testified that Davis was highly reliable because he was an
officer who had been assigned to the area and, as such, Davis was intimately familiar
with the area. Davis noted that daily law enforcement activity takes place at the
location he gave to McGann. Davis described appellant’s car and explained that
appellant was known for selling marihuana and that he appeared to be engaged in
selling marihuana at the present time. Davis testified that he was drawn to appellant’s
car due to its unusual placement in the parking lot, which indicated to him, based on
his experience, that drug-dealing could be occurring. Appellant focuses on whether 
Davis told McGann that it was an individual Davis knew or that it was appellant
himself in the vehicle. Either way, based on the reliable information Davis provided
to McGann about the potential drug-dealing occurring, it was reasonable for McGann
to suspect that an individual was engaging in, or soon would be engaged in, criminal
activity. 
          Terry permits a brief stop of a person whose suspicious conduct leads an
officer to conclude that criminal activity may be afoot; and it further permits a pat-down search of the person for weapons when the officer is justified in believing that
the person may be armed and presently dangerous. Terry v. Ohio, 392 U.S. 1, 27, 88
S. Ct. 1868, 1883 (1968). Although an officer may be authorized to conduct a pat-down search, the officer may do so only to the extent necessary to discover weapons
that might be used to harm the officer or others. Id. Appellant argues that McGann
should not have conducted a Terry stop and search and that, even if the stop was
appropriate, McGann exceeded the scope of the search because McGann was clearly
looking for contraband. 
          We find that the Terry stop and search were proper. McGann testified that, as
a result of his experience and training, when he is involved in narcotics situations, he
conducts pat-downs to check for weapons because there is a greater chance of
weapons being present. McGann further noted that it was important for him to
conduct a pat-down search in this case because he was alone, had limited visibility
of appellant and his car, and had only one angle of observation. When McGann
conducted his pat-down, he limited the search to appellant’s outer clothing. As he
conducted the pat-down search of appellant, he felt something in a baggy in
appellant’s pocket. Unclear as to what the object was, McGann questioned appellant. 
Appellant then made a furtive gesture by reaching for his pocket that made McGann
believe that appellant would either assault him or flee. Under the totality of the
circumstances, McGann’s pat-down search did not exceed the permissible scope of
Terry. Because the trial court did not err in denying appellant’s motion to suppress,
appellant has not demonstrated prejudice by his counsel’s affirmative statement of
“no objection,” which waived his ability to appeal the motion to suppress. 
Conclusion
          We affirm the judgment. 


 
Evelyn V. Keyes
                                                             Justice


Panel consists of Justices Taft, Keyes, and Bland.

Publish. Tex. R. App. P. 47.2(b).