In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00046-CV
______________________________


IN THE MATTER OF THE MARRIAGE OF
DEBRA ANN VICTORIA AND
AL CURTIS VICTORIA AND IN THE INTEREST
OF KAYLA VICTORIA, A CHILD
 


                                              

On Appeal from the 317th Judicial District Court
Jefferson County, Texas
Trial Court No. C192828


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Appellant, Al Curtis Victoria, acting pro se, filed a motion with this Court stating that he had
reached a compromise settlement with the appellee, Debra Ann Victoria. We abated the appeal to
the trial court. A supplemental record has now been filed reflecting that the settlement has been
effectuated. 
            Accordingly, pursuant to Tex. R. App. P. 42.1, we dismiss the appeal.
 
 
                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          August 16, 2005
Date Decided:             August 17, 2005




 paragraphs true, the jury assessed punishment at
life imprisonment. Rogers appeals. We affirm because Rogers is prohibited on appeal
from challenging the admission into evidence of the controlled substance seized during his
arrest.
          Round Rock police officers initiated a traffic stop on a vehicle in which Rogers was
a passenger. During the stop, the officers learned that Rogers had two outstanding
warrants for his arrest. The officers arrested Rogers. During the search incident to that
arrest, the officers found three plastic bags which contained an aggregate amount of 3.38
grams of methamphetamine.
          On appeal, Rogers challenges the admission of the physical evidence seized
subsequent to his arrest. He also contends the trial court erred by failing to instruct the jury
regarding whether the evidence was seized in violation of Article 38.23 of the Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). We
overrule these contentions because Rogers failed to preserve these issues for our review.
          Before the trial began, the trial court held a hearing on Rogers' motion to suppress
the evidence obtained during his arrest. The trial court ruled and excluded some evidence
but allowed the State to introduce the physical evidence, namely the bags containing
methamphetamine, seized during the arrest. The motion to suppress alone preserved
error regarding the admission of the physical evidence. Moody v. State, 827 S.W.2d 875,
889 (Tex. Crim. App. 1992). However, when the evidence was actually being offered into
evidence by the State during trial, Rogers' counsel stated, "No objection." 
          Even after vigorously objecting to specific evidence, when the evidence is actually
offered into evidence and counsel states, "No objection," this waives the challenge of the
admissibility of the challenged evidence. Id. There is no requirement for counsel to renew
the objection once the motion to suppress has been overruled; however, if counsel does
state, "No objection" when the evidence is actually offered, this waives the objection. Id.;
Brossette v. State, 99 S.W.3d 277 (Tex. App.—Texarkana 2003, pet. ref'd, untimely filed). 
Further, because Rogers waived the right to complain about the admission of the
methamphetamine, the trial court did not err in refusing to instruct the jury under Article
38.23. Jackson v. State, 888 S.W.2d 912, 914 (Tex. App.—Houston [1st Dist.] 1994, no
pet.).
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 6, 2006
Date Decided:         June 30, 2006

Do Not Publish