Opinion issued January 4, 2007

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01181-CR






JESSE FREEMAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 906360






MEMORANDUM OPINION


 A jury convicted appellant, Jesse Freeman, of possession with intent to deliver
cocaine weighing 400 or more grams, and the trial court assessed his punishment at
25 years in prison plus a $1,000 fine. See Tex. Health & Safety Code Ann.
§ 481.112(f) (Vernon 2003). We determine (1) whether appellant preserved a
complaint concerning the State's alleged comment on his failure to testify; (2)
whether appellant preserved a complaint concerning the denial of his motion to
suppress evidence; (3) whether certain evidence was impermissible extraneous-offense evidence, so that the trial court erred in admitting it; and (4) whether
sufficient evidence existed to corroborate an accomplice witness's testimony. We
affirm.

Background


 Harris County Sheriff's Department Detective Frank Fulbright received a tip
about individuals involved in a drug transaction at a Houston hotel. In the process
of his initial investigation, Detective Fulbright learned that Shon Hamilton, a man
with a Georgia driver's license, had rented a room at the hotel. The detective located
a Cadillac and Expedition with Georgia license plates in the hotel parking lot parked
side by side. Officers set up surveillance at the hotel. During the surveillance, the
officers saw appellant, a man named David Luke, and Hamilton entering and exiting
the hotel room and walking to the Expedition and Cadillac.

 Appellant, Luke, and Hamilton eventually left the hotel in the two vehicles, and
the officers followed them. The men drove to a residence, where they were joined by
two men in a van. Appellant was soon observed taking a black duffel bag from the
home and placing it in the Cadillac's trunk; soon afterwards, Luke removed the duffel
bag and handed it to Hamilton, who placed it in the Expedition. Appellant and Luke
then left in the Cadillac: appellant drove, and Luke was the passenger. Hamilton
drove away in the Expedition at the same time.

 After both drivers had committed traffic violations, the officers pulled them
over. No contraband was found in the Cadillac. A drug-sniffing dog was called for
the Expedition; after the dog had alerted to narcotics in the Expedition, the officers
searched it and found two wrapped packages of cocaine, together weighing about 1.5
kilograms, in the black duffel bag inside. All three men were arrested.

 Appellant and Luke were tried together. Hamilton testified against them for
the State. The jury convicted appellant of possession with intent to deliver the
cocaine.

Comment on Failure to Testify


 In his first issue, appellant argues that the trial court erred in denying his
motion for mistrial based on the State's closing argument that allegedly commented
on his failure to testify.

 In closing, the State argued that "[t]here has been no evidence, none, to
answer" the question of "why these two [men] were in Houston." Appellant objected
that the State's argument "shift[ed] the burden of proof to the defense." The trial
court sustained that objection and, at appellant's request, instructed the jury to
disregard the complained-of argument, but overruled appellant's subsequent motion
for mistrial. 

 An objection based on one ground does not preserve an appellate challenge
based on another ground. Carty v. State, 178 S.W.3d 297, 305 (Tex. App.--Houston
[1st Dist.] 2005, pet. ref'd). An objection that the State's argument shifts the burden
of proof does not comport with an appellate challenge that the State's argument
commented on a defendant's failure to testify. See Paster v. State, 701 S.W.2d 843,
849 (Tex. Crim. App. 1985) (expressly concluding same); McClendon v. State, 167
S.W.3d 503, 510 (Tex. App.--Houston [14th Dist.] 2005, no pet.) (citing Paster and
expressly holding same). Accordingly, appellant has waived his appellate challenge.

 Appellant argues that Luke's objection to the same State's argument preserved
the appellate challenge that appellant raises. Luke's counsel objected on the basis
that the argument "shifts the burden, that it was a direct comment on the
defendant[']s not testifying." (Emphasis added.) Appellant asserts that "[a]t the
beginning of trial it was understood that when one lawyer objects the Court would
take notice that the objection was from both sides." However, the colloquy that
appellant cites does not support his assertion:



 Luke's Counsel: Also, throughout the trial, Judge, when [appellant's
counsel] or I object, will the Court take notice that
objection is from both sides--


 Court: Correct.


 Luke's Counsel: --or do you want us each to stand up individually
and object?


 Court: You probably each should stand up and object just
because there may be things that are objectionable
as to one, but not as to the other. So, you better just
say, you know, we make the same objection.


(Emphasis added.) The trial court thus required each defendant to object separately
or expressly to adopt the objection of the other defendant. Appellant did not do this
in this instance.

 We overrule appellant's first issue.

Suppression Motion


 In his second issue, appellant argues that the trial court erred in denying his
motion to suppress the evidence seized as a result of his allegedly illegal detention. 
Specifically, appellant argues that the search of the Expedition, in which he was
neither passenger nor driver, and the seizure of the cocaine in it was unreasonable.

 Appellant filed a suppression motion on November 18, 2005, before trial
began. Trial began on December 2, 2005, but appellant did not pursue his pretrial
suppression motion at that time. Rather, appellant pursued his suppression motion
and obtained a ruling on it on December 6, 2005. At the time that appellant pursued
his motion, four officers had already testified in whole or in part concerning the
cocaine. Three had testified that about 1.5 kilograms of cocaine, in two bundles, had
been recovered from the Expedition. Two officers also testified that a narcotics dog
had alerted on the Expedition, indicating that the dog smelled narcotics in the vehicle. 
Harris County Deputy William Tipps testified that the contraband recovered from the
Expedition had field-tested positive for cocaine. Finally, Houston Police Department
Officer Hector Gonzales identified the recovered cocaine as State's Exhibit 15. It
was only when the State then sought to admit the Exhibit 15 into evidence that
appellant pursued his suppression motion.

 "[A] motion to suppress is a specialized objection to the admissibility of
evidence." Porath v. State, 148 S.W.3d 402, 413 (Tex. App.--Houston [14th Dist.]
2004, no pet.). "Therefore, a motion to suppress must meet all of the requirements
of an objection, that is, it must be timely and sufficiently specific to inform the trial
court of the complaint." Id.; see Tex. R. App. P. 33.1(a)(1) (indicating that complaint
must be made to trial court "by a timely request, objection, or motion") (emphasis
added). 

 Appellant did not object to the officers' testimony or pursue his suppression
motion until after the officers had testified that the dog had alerted to the presence of
narcotics in the vehicle, that cocaine had been recovered from the vehicle, and that
that recovered contraband had field-tested positive for cocaine. Additionally, the
cocaine had been identified in front of the jury, although that exhibit had not yet been
admitted into evidence. Accordingly, appellant's complaint was already waived when
the trial court denied the suppression motion. See Tex. R. App. P. 33.1(a)(1); Laurant
v. State, 926 S.W.2d 782, 783 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd)
(holding that appellant's objection to admission of cocaine was untimely when he did
not obtain ruling on pretrial motion to suppress and did not object to cocaine's
admission until after three officers had testified extensively about it); see also
Jackson v. State, 888 S.W.2d 912, 914 (Tex. App.--Houston [1st Dist.] 1994, no pet.)
(holding that appellant waived challenge to cocaine's admission when parties agreed
to hold suppression hearing upon appellant's request at trial, trial court admitted
cocaine and related exhibits into evidence without objection, appellant requested and
received suppression hearing only when State's witness later began testifying about
cocaine's discovery, and trial court denied suppression motion then; also indicating
that any error was harmless).

 We overrule appellant's second issue.


Extraneous-Offense Evidence


 In his third issue, appellant argues that the trial court erred by admitting
allegedly extraneous-offense evidence consisting of a conversation between Luke and
Hamilton. In that conversation, Luke recruited Hamilton to follow a man nicknamed
"Captain," who was not shown to be appellant, to pick up some drugs.

 We review the admission of extraneous-offense evidence under an abuse-of-discretion standard. See Wolfberg v. State, 73 S.W.3d 441, 443 (Tex. App.--Houston
[1st Dist.] 2002, pet. ref'd). "An extraneous offense is 'any act of misconduct,
whether resulting in prosecution or not, which is not shown in the charging
instrument and which was shown to have been committed by the accused.'" Martinez
v. State, 190 S.W.3d 254, 262 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd)
(emphasis added) (quoting Worley v. State, 870 S.W.2d 620, 622 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd)); see Tex. R. Evid. 404(b) ("Evidence of
other crimes, wrongs or acts is not admissible to prove the character of a person in
order to show action in conformity therewith.") (emphasis added). "Evidence of an
extraneous offense must necessarily involve evidence of prior criminal conduct by
the accused. If the evidence fails to show that an offense was committed or that the
accused was connected to the offense, then evidence of an extraneous offense is not
established." McKay v. State, 707 S.W.2d 23, 32 (Tex. Crim. App. 1985) (citation
omitted; italicized emphasis added; original emphasis omitted). 

 The testimony of which appellant complains involved interactions of three
people other than himself, and the evidence also showed that appellant was not even
present during Luke's and Hamilton's complained-of conversation. Accordingly, the
complained-of testimony did not concern an improper extraneous offense, and the
trial court did not abuse its discretion by admitting it. See McKay, 707 S.W.2d at 32
("Since the evidence admitted in the case at bar did not show that the vehicle was
stolen, establish that appellant stole the vehicle, nor implicate the vehicle in any
misconduct, no improper extraneous offense was admitted.") (emphasis added).

 We overrule appellant's third issue.

Accomplice-Witness Testimony


 In his fourth issue, appellant argues that the evidence was insufficient to
corroborate Hamilton's accomplice-witness testimony.

 A conviction cannot stand on accomplice-witness testimony unless the
accomplice's testimony is corroborated by other evidence that tends to connect the
accused with the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2006);
Colella v. State, 915 S.W.2d 834, 838 (Tex. Crim. App. 1995). In assessing the
sufficiency of corroborative evidence, we eliminate the testimony of the accomplice
witness from consideration and examine the remaining evidence to ascertain whether
the non-accomplice evidence tends to connect the accused with the commission of the
offense. St. Julian v. State, 132 S.W.3d 512, 516 (Tex. App.--Houston [1st Dist.]
2004, pet. ref'd) (citing Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App.
1997)). The non-accomplice evidence need not by itself establish the accused's guilt
beyond a reasonable doubt, but must instead tend to connect the accused to the
commission of the offense. Id. However, corroborating evidence is insufficient if it
merely shows the commission of an offense. Tex. Code Crim. Proc. Ann. art.
38.14; Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (citing Colella,
915 S.W.2d at 838-39). 

 Appellant argues that, once Hamilton's testimony is eliminated from
consideration, the remaining evidence shows that he was "merely present before and
during the commission of the offense" and that appellant's presence "merely points
the finger of suspicion" at him. However, the non-accomplice evidence connects
appellant to the offense in more ways than just his presence. When surveillance first
began at the hotel, Detective Fulbright learned which hotel room was rented by
Hamilton; the deputy saw appellant with Luke and Hamilton entering and exiting the
hotel room and walking to the Expedition and Cadillac; both the Expedition and the
Cadillac had Georgia plates and were parked beside each other in the hotel parking
lot; and Hamilton had a Georgia driver's license. Based on what he had seen,
Detective Fulbright believed that one of the vehicles was the "courier" vehicle and
that the other was the "chase" vehicle involved in drug trafficking. Detective
Fulbright then saw Hamilton drive the Cadillac away, while appellant and Luke drove
the Expedition away. The vehicles drove in tandem to a residence on Russell Street.

 Deputy Tipps, who had an eye-view of the activities at the Russell Street
residence, saw all three men enter the home. Within minutes, a van arrived at the
residence, two men exited it, they entered the home, and they left again in the van. 
Deputy Tipps believed that the men in the van were going to pick up the cocaine. 
The van returned about 15 minutes later, and the van's occupants again went inside. 
Hamilton then retrieved a black duffel bag from the Cadillac's trunk and brought it
inside the residence. Deputy Tipps believed that cocaine was going to be placed in
the duffel bag.

 The deputy later saw appellant exit the residence carrying the duffel bag, which
appellant placed in the Cadillac's trunk. Shortly thereafter, Luke removed the duffel
bag from the Cadillac's trunk and handed it to Hamilton, who placed it into the
Expedition. Within a few minutes, Hamilton drove away in the Expedition, and
appellant drove away in the Cadillac with Luke as his passenger. The vehicles
followed the same route while leaving the residence. Based on Deputy Tipps's
observations at the Russell Street residence, Detective Fulbright concluded before the
traffic stops that he was "99.9 percent sure that we had a narcotics trafficking deal in
the making[]."

 After the vehicles had been stopped by officers, the cocaine was found in the
same black duffel bag that Deputy Tipps had just seen appellant, Luke, and Hamilton
handle. Detective Fulbright testified that the duffel bag also contained some type of
"item" in an inside pocket with the words "Jesse K-2, 2001-2002" on the back. Of
appellant, Luke, and Hamilton, only appellant's first name was Jesse.

 The above evidence tends to connect appellant with the offense because it
shows that (1) he handled the very duffel bag in which the cocaine was later found
and placed that bag into the vehicle that he eventually drove from the residence
(although Luke and Hamilton later moved the duffel bag to the Expedition); (2) an
item with the same first name as that of appellant written on it was contained inside
the duffel bag; (3) the two vehicles appeared to have been used by all three
men--with appellant, Luke, and Hamilton exchanging use of the vehicles--as part
of one transaction; and (4) the actions of appellant and the two other men
demonstrated that they were acting together in the transaction, in the opinions of
Detective Fulbright and Deputy Tipps.

 We overrule appellant's fourth issue.


Conclusion


 We affirm the judgment of the trial court.

 



 Tim Taft

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.


Do not publish. See Tex. R. App. P. 47.2(b).