**Billy HOLMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–06–00269–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 1, 2007.

Joseph W. Varela, Houston, for appellant.

Peyton Peebles III, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE B. YATES, Justice.

Appellant was convicted of possession of a controlled substance and sentenced to six months in the Harris County Jail. In his sole issue, appellant argues the trial court erred in failing to instruct the jury in accordance with article 38.23 of the Texas Code of Criminal Procedure, which authorizes the jury to disregard any evidence it concludes was obtained illegally. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005). We agree, and thus we reverse appellant's conviction and remand for a new trial.

At about 3:30 a.m. on May 16, 2005, two Houston police officers responded to a call of an assault in progress between a man and woman involving a weapon. Upon arriving at the scene, the officers saw appellant holding a garden hoe and arguing with a woman in her front yard. When appellant saw the patrol car, he dropped the hoe and began walking away. An officer ordered him to stop, but appellant continued to walk away. The officers followed appellant, who began running. After a one-quarter mile foot chase, the officers caught and detained appellant, whom they believed to be under the influence of cocaine based on his demeanor and appearance. After handcuffing him, one of the officers searched appellant and found a crack pipe in his back pocket, which tested positive for cocaine.

Appellant testified at trial. He denied fleeing from the police, claiming that when he saw the patrol car park nearby, he decided to leave because he had been drinking and did not want to talk to police with alcohol on his breath. Appellant stated that he walked away from the house and headed toward a bus stop but did not realize the officers were following him until he heard noise from one of their radios. Appellant denied that they ever asked him to stop and also denied that he had used cocaine or had a crack pipe in his pocket.

Appellant filed a pretrial motion to suppress the cocaine seized from the crack pipe, and the trial court did not rule but carried the motion with the case. At trial, when the State moved to introduce the crack pipe and therefore the cocaine into evidence, appellant affirmatively stated he had "[n]o objection" to its admission. During the guilt/innocence phase charge conference, appellant requested an instruction under article 38.23,[1] arguing that because he contested the legality of the arrest and search leading to the cocaine seizure, the jury should be instructed to disregard the evidence if it finds the evidence was illegally obtained. The trial court denied this motion, and appellant appeals this decision.

■■■ If the defendant raises a fact issue regarding the legality of the obtaining of the evidence at issue, even if the evidence is weak or unbelievable, the trial court must instruct the jury under article 38.23. *See Pickens v. State*, 165 S.W.3d 675, 680 (Tex.Crim.App.2005); *Graham v. State*, 201 S.W.3d 323, 331 (Tex.App.-Houston [14th Dist.] 2006, pet. ref'd). The State argues that appellant waived his right to this instruction because, by stating that he had "[n]o objection" to admitting the cocaine, he forfeited his right to contest the legality of the cocaine seizure. *See, e.g., Gallardo v. State*, No. 08–03–00287–CR, 2005 WL 280308, at *2 (Tex. App.-El Paso Feb.3, 2005, pet. ref'd) (mem. op, not designated for publication); *Jackson v. State*, 888 S.W.2d 912, 914 (Tex. App.-Houston [1st Dist.] 1994, no pet.). We reject this analysis. In *Bell v. State*, 881 S.W.2d 794, 802 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd), this court analyzed a similar circumstance involving the defendant's challenge to the taking of a blood sample in a DWI case. We held that

1. Article 38.23(a) states:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

the defendant's affirmative statement of "no objection" to the blood test results did not waive his right to an article 38.23 instruction:

> [The defendant] could have challenged the legality of the taking of the blood sample in one of three ways: (1) by filing a pretrial motion to suppress evidence, (2) by waiting until the trial on the merits and objecting when the alleged unlawfully-obtained evidence was offered, *or* (3) by raising a factual dispute concerning the circumstances of the taking of the blood and requesting an article 38.23 jury instruction. [The defendant]'s counsel stated "no objection" to the admission of the blood test results. But the central issue on an article 38.23 instruction is not the *admissibility* of the evidence, but rather, the evidence's *consideration* by the jury. In other words, by not objecting to the blood test results, [the defendant] waived any right to challenge the admissibility of the evidence or to instruct the jury that they *must* disregard it. In the present case, [the defendant] did not challenge the *admissibility* of the blood test evidence. He chose instead to raise a fact issue on [the defendant]'s consent and obtain an instruction that if the jury resolved the fact issue in [his] favor, i.e., if they found that [the defendant] did not consent to the taking of the blood sample, then they would disregard the blood test evidence.

*Id.* (citations omitted); *see also Johnson v. State,* 743 S.W.2d 307, 309–10 (Tex.App.-San Antonio 1987, pet. ref'd) (finding that failure to object to introduction of evidence did not waive defendant's right to article 38.23 instruction).[2] We conclude here, as we did in *Bell,* that appellant did not waive his right to an article 38.23 instruction, and because he raised a fact issue regarding the legality of the seizure of the cocaine, he was entitled to such an instruction. Thus, the trial court erred in refusing to include an article 38.23 instruction in the jury charge.

 Having found error, we must next determine if that error requires reversal. *See Atkinson v. State,* 923 S.W.2d 21, 26–27 (Tex.Crim.App.1996). When the charge contains error and that error has, as here, been properly preserved, reversal is required if the appellant has suffered "some harm." *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g); *Bufkin v. State,* 179 S.W.3d 166, 175 (Tex.App.-Houston [14th Dist.] 2005), *aff'd on other grounds,* 207 S.W.3d 779 (Tex.Crim.App.2006). "Some harm" means any harm, regardless of degree. *Arline v. State,* 721 S.W.2d 348, 351 (Tex. Crim.App.1986). We conclude the error was harmful. Had the jury believed the police illegally seized the crack pipe and thus disregarded the evidence showing appellant possessed cocaine, it could not have

---

**2.** In two unpublished opinions, this court, without citing *Bell,* held that because a defendant did not object to the admissibility of drug evidence, he waived his right to an article 38.23 instruction regarding the legality of obtaining that evidence. *See Hromadka v. State,* No. 14–99–00685–CR, 2000 WL 977623, at *3 (Tex.App.-Houston [14th Dist.] May 18, 2000) (not designated for publication), *rev'd,* No. 1329–00, 2003 WL 1845067 (Tex.Crim.App. Apr.9, 2003) (not designated for publication); *Barefield v. State,* No. 14–95–01313–CR, 1997 WL 445805, at *3 (Tex. App.-Houston [14th Dist.] Aug. 7, 1997, pet. ref'd) (not designated for publication) (citing *Jackson,* 888 S.W.2d at 914). In reversing *Hromadka,* the Court of Criminal Appeals stated that we "erred in holding that in failing to object to the evidence of the field sobriety tests, the appellant waived her rights to an article 38.23 instruction and to appeal error in the charge." 2003 WL 1845067, at *2. Because *Bell* is binding, published precedent and is more consistent with the holding of the Court of Criminal Appeals in *Hromadka,* we follow *Bell.*

convicted appellant for the offense of possession of a controlled substance. Therefore, we sustain appellant's sole issue, reverse his conviction, and remand this cause for a new trial.