Reversed and Remanded and Opinion filed May 1, 2007








Reversed
and Remanded and Opinion filed May 1, 2007.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00269-CR

____________

 

BILLY HOLMES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1045939

 



 

O P I N I O N

Appellant was convicted of possession of a controlled
substance and sentenced to six months in the Harris County Jail.  In his sole
issue, appellant argues the trial court erred in failing to instruct the jury
in accordance with article 38.23 of the Texas Code of Criminal Procedure, which
authorizes the jury to disregard any evidence it concludes was obtained
illegally.  See Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon 2005).  We agree, and thus we reverse
appellant=s conviction and remand for a new trial.








At about 3:30 a.m. on May 16, 2005, two Houston police
officers responded to a call of an assault in progress between a man and woman
involving a weapon.  Upon arriving at the scene, the officers saw appellant
holding a garden hoe and arguing with a woman in her front yard.  When
appellant saw the patrol car, he dropped the hoe and began walking away.  An
officer ordered him to stop, but appellant continued to walk away.  The
officers followed appellant, who began running.  After a one-quarter mile foot
chase, the officers caught and detained appellant, whom they believed to be
under the influence of cocaine based on his demeanor and appearance.  After
handcuffing him, one of the officers searched appellant and found a crack pipe
in his back pocket, which tested positive for cocaine.

Appellant testified at trial.  He denied fleeing from the
police, claiming that when he saw the patrol car park nearby, he decided to
leave because he had been drinking and did not want to talk to police with
alcohol on his breath.  Appellant stated that he walked away from the house and
headed toward a bus stop but did not realize the officers were following him
until he heard noise from one of their radios.  Appellant denied that they ever
asked him to stop and also denied that he had used cocaine or had a crack pipe
in his pocket.








Appellant filed a pretrial motion to suppress the cocaine
seized from the crack pipe, and the trial court did not rule but carried the
motion with the case.  At trial, when the State moved to introduce the crack
pipe and therefore the cocaine into evidence, appellant affirmatively stated he
had A[n]o objection@ to its
admission.  During the guilt/innocence phase charge conference, appellant
requested an instruction under article 38.23,[1]
arguing that because he contested the legality of the arrest and search leading
to the cocaine seizure, the jury should be instructed to disregard the evidence
if it finds the evidence was illegally obtained.  The trial court denied this
motion, and appellant appeals this decision.

If the defendant raises a fact issue regarding the legality
of the obtaining of the evidence at issue, even if the evidence is weak or
unbelievable, the trial court must instruct the jury under article 38.23.  See
Pickens v. State, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005); Graham
v. State, 201 S.W.3d 323, 331 (Tex. App.CHouston [14th
Dist.] 2006, pet. ref=d).  The State argues that appellant
waived his right to this instruction because, by stating that he had A[n]o objection@ to admitting the
cocaine, he forfeited his right to contest the legality of the cocaine
seizure.  See, e.g., Gallardo v. State, No. 08-03-00287-CR, 2005
WL 280308, at *2 (Tex. App.CEl Paso Feb. 3, 2005, pet. ref=d) (mem. op, not
designated for publication); Jackson v. State, 888 S.W.2d 912, 914 (Tex.
App.CHouston [1st
Dist.] 1994, no pet.).  We reject this analysis.  In Bell v. State, 881
S.W.2d 794, 802 (Tex. App.CHouston [14th Dist.] 1994, pet. ref=d), this court
analyzed a similar circumstance involving the defendant=s challenge to the
taking of a blood sample in a DWI case.  We held that the defendant=s affirmative
statement of Ano objection@ to the blood test
results did not waive his right to an article 38.23 instruction:








[The defendant] could have
challenged the legality of the taking of the blood sample in one of three
ways:  (1) by filing a pretrial motion to suppress evidence, (2) by waiting
until the trial on the merits and objecting when the alleged
unlawfully-obtained evidence was offered, or (3) by raising a factual
dispute concerning the circumstances of the taking of the blood and requesting
an article 38.23 jury instruction.  [The defendant]=s counsel stated Ano objection@ to the admission
of the blood test results.  But the central issue on an article 38.23
instruction is not the admissibility of the evidence, but rather, the
evidence=s consideration
by the jury.  In other words, by not objecting to the blood test results, [the
defendant] waived any right to challenge the admissibility of the evidence or
to instruct the jury that they must disregard it.  In the present case,
[the defendant] did not challenge the admissibility of the blood test
evidence.  He chose instead to raise a fact issue on [the defendant]=s consent and
obtain an instruction that if the jury resolved the fact issue in [his] favor,
i.e., if they found that [the defendant] did not consent to the taking of the
blood sample, then they would disregard the blood test evidence.

Id. (citations
omitted); see also Johnson v. State, 743 S.W.2d 307, 309B10 (Tex. App.CSan Antonio 1987,
pet. ref=d) (finding that
failure to object to introduction of evidence did not waive defendant=s right to article
38.23 instruction).[2] 
We conclude here, as we did in Bell, that appellant did not waive his
right to an article 38.23 instruction, and because he raised a fact issue
regarding the legality of the seizure of the cocaine, he was entitled to such
an instruction.  Thus, the trial court erred in refusing to include an article
38.23 instruction in the jury charge.








Having found error, we must next determine if that error
requires reversal.  See Atkinson v. State, 923 S.W.2d 21, 26B27 (Tex. Crim.
App. 1996).  When the charge contains error and that error has, as here, been
properly preserved, reversal is required if the appellant has suffered Asome harm.@  See Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh=g); Bufkin v.
State, 179 S.W.3d 166, 175 (Tex. App.CHouston [14th
Dist.] 2005), aff=d on other grounds, 207 S.W.3d 779
(Tex. Crim. App. 2006).  ASome harm@ means any harm,
regardless of degree.  Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim.
App. 1986).  We conclude the error was harmful.  Had the jury believed the
police illegally seized the crack pipe and thus disregarded the evidence
showing appellant possessed cocaine, it could not have convicted appellant for
the offense of possession of a controlled substance.  Therefore, we sustain
appellant=s sole issue, reverse his conviction, and remand this
cause for a new trial.

 

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Opinion filed May 1, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Publish C Tex. R. App. P. 47.2(b).

 









[1]  Article 38.23(a) states:

 

No evidence obtained by an officer or other person in
violation of any provisions of the Constitution or laws of the State of Texas,
or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case.

 

In any case where the legal evidence raises an issue hereunder, the
jury shall be instructed that if it believes, or has a reasonable doubt, that
the evidence was obtained in violation of the provisions of this Article, then
and in such event, the jury shall disregard any such evidence so obtained.





[2]  In two unpublished opinions, this court, without
citing Bell, held that because a defendant did not object to the
admissibility of drug evidence, he waived his right to an article 38.23
instruction regarding the legality of obtaining that evidence.  See Hromadka
v. State, No.
14-99-00685-CR, 2000 WL 977623, at *3 (Tex. App.CHouston [14th Dist.] May 18, 2000) (not designated
for publication), rev=d, No. 1329-00, 2003 WL 1845067 (Tex.
Crim. App. Apr. 9, 2003) (not designated for publication); Barefield v. State, No. 14-95-01313-CR, 1997 WL 445805, at *3 (Tex. App.CHouston [14th Dist.] Aug. 7, 1997, pet. ref=d) (not designated for publication) (citing Jackson,
888 S.W.2d at 914).  In reversing Hromadka, the Court of Criminal
Appeals stated that we Aerred in holding that in failing to
object to the evidence of the field sobriety tests, the appellant waived her
rights to an article 38.23 instruction and to appeal error in the charge.@  2003 WL 18450678, at *2.  Because Bell is
binding, published precedent and is more consistent with the holding of the
Court of Criminal Appeals in Hromadka, we follow Bell.